■ ROBERT PRYOR et al., Appellants, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Defendant, and ROYAL INDEMNITY COMPANY, Respondent. [795 NYS2d 222]—

Judgment, Supreme Court, New York County (Paula J. Omansky, J.), entered February 25, 2004, dismissing the complaint pursuant to an order, same court and Justice, entered February 25, 2004, which, in an action by a limited partnership's bankruptcy trustee and others to recover on a policy of fire insurance, insofar as challenged, granted defendant insurer's motion for summary judgment dismissing the complaint based on the failure of one Charles Cooper, now deceased, to cooperate in

defendant's investigation of the fire, unanimously affirmed, with costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

It appears that the limited partnership (Apparel) was formed by XYZ Corporation, as general partner, and Cliftex Corporation and Charles Cooper, as limited partners. Profits and losses were to be allocated 1% to XYZ, 66% to Cliftex, and 33% to Cooper. Cooper was also XYZ's president. The action is brought by Apparel's bankruptcy trustee, Cliftex's bankruptcy trustee, and XYZ. We reject plaintiffs' argument that they cannot be held responsible for Cooper's ultra vires failure to cooperate with defendant's investigation of the fire. The argument simply does not apply to XYZ, which was controlled by Cooper, and will not be heard from Apparel or Cliftex, neither of which is a proper party plaintiff; the only proper party plaintiff is XYZ, the partnership's general partner (*see Millard v Newmark & Co.*, 24 AD2d 333, 336-337 [1966]). Nor does an issue of fact exist as to the willfulness of Cooper's failure to submit to an examination under oath. Correspondence in the record establishes that Cooper was persistently resistant in scheduling the examination, and cancelled two scheduled examinations on short notice without reasonable excuses (*see Levy v Chubb Ins.*, 240 AD2d 336 [1997]). We have considered plaintiffs' other arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Catterson, JJ.