OPINION OF THE COURT
Memorandum.
Order reversed without costs, defendant’s motion for summary judgment granted and complaint dismissed.
In this action to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint based upon plaintiff’s assignor’s failure to attend duly scheduled independent medical examinations (IMEs). Plaintiff opposed the motion, arguing, inter alia, that defendant failed to adequately prove mailing of the IME requests. Although the court below found that defendant offered sufficient proof of having mailed timely IME requests and follow-up requests, it denied defendant’s motion on the ground that there was an issue of fact as to the reason for plaintiffs assignor’s nonappearances. This appeal by defendant ensued.
In Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co. (35 AD3d 720, 722 [2d Dept 2006]), the Appellate Division held that “[t]he appearance of the insured for IMEs at any time is a condition precedent to the insurer’s liability on the policy,” and that the mandatory personal injury protection endorsement (11 NYCRR 65-1.1) requires the “eligible injured person . . . [to] submit to medical examination by physicians selected by, or acceptable to, the Company, when, and as often as, the Company may reasonably require.”
Defendant contends that it was entitled to summary judgment dismissing the action because the affidavits which it submitted in support of its motion established that it sent a timely IME request and follow-up request to plaintiffs assignor, and that plaintiff’s assignor failed to appear for the IMEs. Plaintiff argues that defendant was not entitled to summary judgment because, among other things, the affidavits submitted by defendant were insufficient to demonstrate timely mailing of said IME requests.
Contrary to plaintiffs contentions, the affidavits submitted by defendant were sufficient to establish that defendant’s requests and follow-up requests for IMEs were mailed in accordance with the time periods prescribed by the insurance regulations (11 NYCRR 65-3.5 [b]; 65-3.6 [b]). Since plaintiff raised no issue as to the sufficiency of defendant’s proof of plaintiffs as *15 signor’s nonappearance at the IMEs, we do not pass on the propriety of the motion court’s determination with respect thereto. To the extent that the court below concluded that there was a question of fact regarding the reason for plaintiff s assignor’s nonappearance at the IMEs, we note that there is no support in the record for such finding. Accordingly, defendant was entitled to summary judgment dismissing the complaint.
Rudolph, EJ., McCabe and Tanenbaum, JJ., concur.