OPINION OF THE COURT
Alice Fisher Rubin, J.
Plaintiff commenced this action against the defendant to recover first-party no-fault benefits pursuant to section 5102 (a) (1) of the Insurance Law and New York State Insurance Department Regulations (11 NYCRR) § 65-1.1 et seq. for medical services rendered.
Defendant moves for an order pursuant to CPLR 3212 granting summary judgment and dismissing plaintiffs complaint on the grounds that the plaintiffs assignor failed to appear for scheduled independent medical examinations (IMEs), or in the alternative, partial summary judgment on the grounds that the denials are timely. Plaintiff opposes the motion on the grounds that the defendant has failed to substantiate any defenses or establish that it properly denied plaintiffs claims.
After careful review of the moving papers, supporting documents and opposition thereto, the court finds as follows:
Defendant argues that the assignor, Jose Lora, failed to appear for scheduled independent medical examinations, which is a condition precedent to coverage under the insurance policy and no-fault regulations. In support of its argument, defendant annexes as exhibit “I” to its moving papers a copy of the insurance policy. The policy states in part: “3. Medical Reports. The insured shall submit to physical examinations by physicians we select when and as often as we may reasonably require.” (Emphasis added.)
Plaintiff argues that the policy requires the assignor, Jose Lora, to appear before a physician, which pursuant to Education Law, article 131, § 6522 is defined as “[o]nly a person licensed or otherwise authorized under the article shall practice medicine.” Therefore, the defendant’s insurance policy, which plaintiff reads to be clear and unambiguous, requires that the assignor submit to an examination by a physician only, and not any other health care provider. Plaintiff contends that as a result of the IME being scheduled before a psychologist, as op *980 posed to a physician, the assignor was not required to attend, and no condition precedent was violated. Plaintiff further argues that any ambiguity with the use of the term “physician” must be construed against the insurer, the drafter of the policy.
The argument raised by plaintiff appears to be one of first impression. This court has researched the issue, having read and written many no-fault decisions, and did not find a case addressing the issue of whether a policy which states “physician” means that any other health care provider is excluded, and only a physician can conduct the independent medical examination of an eligible injured person (EIP).
This court answers in the negative.
In the case before this court, the insurance company sent verification requesting that the injured party appear before an independent psychologist. The court finds that although the policy states physician, the term itself is not ambiguous where it would or should allow the EIP to circumvent the requirement of an independent examination, to determine whether the services rendered were medically necessary. The assignor was seen by a psychologist and therefore, there is no reason why a verification which requests that he appear before an independent psychologist, should not be held as a valid request when the policy states “physician.”
The general provisions of Workers’ Compensation Rules and Regulations (12 NYCRR) § 300.2 (b) (5), which address independent medical examination, examiners, and entities, sets forth the following: “Independent medical examiner means a physician, surgeon, podiatrist, chiropractor or psychologist who is authorized to conduct independent medical examinations as defined in paragraph (4) of this subdivision.”
The fee schedules are determined by the Workers’ Compensation Law, and the services rendered by a provider are determined under the New York no-fault fee schedule. The workers’ compensation fee schedules were adopted by the Superintendent of Insurance for use by those making and processing claims for no-fault benefits.
If there is an issue as to the fees charged by the provider, which in this case is a psychologist, a hearing would be necessary to determine how much should have been billed. The court would look to the workers’ compensation fee schedule, and the fees applicable to a psychologist, not a physi *981 clan. Therefore, this court finds that the Eli] Jose Lora, was required to appear for the scheduled IME.
In addition, this court finds plaintiffs argument that Dr. Yakov Burstein is not qualified to state whether EIP, Jose Lora, appeared for an IME without merit. The suggestion that a doctor is unaware of or unqualified to assert which patient or patients are scheduled to appear at a scheduled date and or time in his office, because he is without “personal knowledge,” is presumptuous.
Next, this court will address the issue of the timeliness of the verification.
The claim for no-fault benefits begins when an injured party provides notice to the insurer within 30 days after the date of the accident. (See 11 NYCRR 65-2.4 [b].) The injured party is required to submit an application for no-fault benefits, and the written proof of claim is submitted within 45 days after the date services are rendered.
Within 10 business days after receipt of the completed no-fault application, the insurer must forward verification forms for health care or hospital treatment to the injured party or that party’s assignee. After receipt of the completed verification, the insurer may seek additional verification or further proof of claim from the injured party or that party’s assignee within 15 business days thereof. (See 11 NYCRR 65-3.5 [b].) For example, the insurer may seek an independent medical examination of the injured party which must be held within 30 calendar days from receipt of the initial verification form.
In the case at bar, the defendant states that it received the claim for no-fault benefits in the amount of $1,061.63 on December 29, 2005, and an additional claim for $120 on January 9, 2006. On February 17, 2006 the defendant sent a notice to the injured party scheduling an independent medical examination for March 1, 2006. A second notice rescheduling the IME was sent on March 29, 2006 which scheduled the IME for April 10, 2006.
Plaintiff argues that the defendant’s request for verification was untimely, and therefore the statutory prescribed 30-day period within which to issue a denial of the submitted claims was not tolled, and thus the defense of failure to attend an IME has been waived. In response to plaintiffs argument that the insurer was required to request a verification within 15 days, the defendant argues that the amendment to the statute states as fol *982 lows: “If the additional verification required by the insurer is a medical examination, the insurer shall schedule the examination to be held within 30 calendar days from the date of receipt of the prescribed verification forms.” (11 NYCRR 65-3.5 [d].)
The time in which an insurer has to pay or deny a claim is extended only upon a proper request for verification pursuant to 11 NYCRR 65-3.5 (a). Since the defendant did not serve its verification request within 10 business days after receipt of the plaintiffs completed application for no-fault benefits, the 30-day payment or denial period was not tolled. The initial verification request comes before the additional verification request for an independent medical examination. Section 65-3.5 (d) clearly states an IME is a request for “additional verification.” The insurer’s requests for independent medical examinations in connection with a health care provider’s claim for first-party no-fault benefits, made as an initial verification request, rather than an additional verification request, did not extend the time in which to issue a denial of the claims. Consequently, the defendant is precluded from raising the defense of lack of medical necessity, and/or failure to attend a scheduled IME.
Accordingly, defendant’s motion for summary judgment is denied, and the court finds that summary judgment is warranted in favor of plaintiff in the amount of $1,181.63 (the amount of the two claims), with statutory interest, costs and attorney’s fees.