■ UNITRIN ADVANTAGE INSURANCE COMPANY, Respondent, v BAYSHORE PHYSICAL THERAPY, PLLC, et al., Defendants, and MARTIN BASSIUR, DDS, Doing Business as NY CRANIOFACIAL PAIN MANAGEMENT, et al., Appellants. [918 NYS2d 473]—

The motion court properly determined that plaintiff insurer may retroactively deny claims on the basis of defendants' assignors' failure to appear for independent medical examinations (IMEs) requested by plaintiff, even though plaintiff initially denied the claims on the ground of lack of medical necessity (*see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co.*, 35 AD3d 720, 721-722 [2006]). The failure to appear for IMEs requested by the insurer "when, and as often as, [it] may reasonably require" (Insurance Department Regulations [11 NYCRR] § 65-1.1) is a breach of a condition precedent to coverage under the no-fault policy, and therefore fits squarely within the exception to the preclusion doctrine, as set forth in *Central Gen. Hosp. v Chubb Group of Ins. Cos.* (90 NY2d 195 [1997]). Accordingly, when defendants' assignors failed to appear for the requested IMEs, plaintiff had the right to deny all claims retroactively to the date of loss, regardless of whether the denials were timely issued (*see* Insurance Department Regulations [11 NYCRR] § 65-3.8 [c]; *Stephen Fogel Psychological*, 35 AD3d at 721-722).

It is of no moment that the retroactive denials premised on failure to attend IMEs were embodied in blanket denial forms, or that they were issued based on failure to attend IMEs in a different medical speciality from that which underlies the claims at issue. A denial premised on breach of a condition precedent to coverage voids the policy ab initio and, in such case, the insurer cannot be precluded from asserting a defense premised on no coverage (*see Chubb*, 90 NY2d at 199).

There is likewise no merit to defendants' contention that the IME request notices were invalid. Plaintiff satisfied its prima facie burden on summary judgment of establishing that it requested IMEs in accordance with the procedures and time frames set forth in the no-fault implementing regulations, and that defendants' assignors did not appear. In opposition, defendants failed to raise an issue of fact that the requests were unreasonable (*see generally Celtic Med. P.C. v New York Cent. Mut. Fire Ins. Co.*, 15 Misc 3d 13, 14-15 [2007]; *A.B. Med. Servs. PLLC v USAA Gen. Indem. Co.*, 9 Misc 3d 19, 21 [2005]).

Defendants' argument that plaintiff was required to demonstrate that the assignors' failure to appear for the IMEs was willful is unpreserved and, in any event, without merit. The doctrine of willfulness, as addressed in *Thrasher v United States Liab. Ins. Co.* (19 NY2d 159 [1967]), applies in the context of liability policies, and has no application in the no-fault context, where the eligible injured party has full control over the requirements and conditions necessary to obtain coverage (*cf. id.* at 168).

Defendants' argument that all IMEs must be conducted by physicians is unavailing. Although Insurance Department Regulations (11 NYCRR) § 65-1.1 (d) states that "[t]he eligible injured person shall submit to medical examination *by physicians* selected by, or acceptable to, the [insurer], when, and as often as, the [insurer] may reasonably require," the regulations permit reimbursement for medically necessary treatment services that are rendered by nonphysicians, such as chiropractors and acupuncturists, as well (*see Five Boro Psychological Servs., P.C. v AutoOne Ins. Co.*, 22 Misc 3d 978, 979-980 [2008]). We have considered defendants' remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Friedman, Moskowitz and Richter, JJ.