OPINION OF THE COURT
James E. d’Auguste, J.
Defendant Utica Mutual Insurance Company seeks summary judgment dismissing plaintiff New Century Medical Diagnostics, EC.’s no-fault benefits action.
The parties’ submissions demonstrate that New Century timely submitted its claims and Utica timely denied the claims *789 based upon New Century’s failure to appear at two scheduled examinations under oath. Defaulting in appearing at properly scheduled examinations under oath represents a failure to comply with a condition precedent to coverage. (Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559 [1st Dept 2011]; Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2d Dept 2006].) New Century has not denied its nonappearance, but asserts that the notices were defective because they sought the production of a specific individual. In advancing this argument, New Century relies upon a New York State Insurance Department* opinion letter holding that a no-fault medical provider can produce any individual with personal knowledge at a scheduled examination under oath. (Ops Gen Counsel NY Ins Dept No. 09-06-10 [June 2009, Alexander Tisch, Esq.].) The Insurance Department, however, did not opine that an insurer’s attempt to secure the production of a particular person renders the entire verification request a nullity. Rather, the opinion letter merely holds that a no-fault provider is permitted to designate any individual with knowledge irrespective of an insurer’s demand that a specific individual appear. Thus, while New Century was not required to produce the specific person Utica requested, its failure to produce any person at the scheduled examinations under oath permitted Utica to deny New Century’s claims.
Accordingly, Utica’s motion for summary judgment dismissing the complaint is granted.

 The Insurance Department is now a part of the Department of Financial Services.