■ AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v KEYANA LUCAS et al., Defendants, and SKY ACUPUNCTURE, P.C., Respondent. AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v TASHUANA LUCAS et al., Defendants, and SKY ACUPUNCTURE, P.C., Respondent. [974 NYS2d 388]—

Orders, Supreme Court, New York County (Ellen M. Coin, J.), entered on or about February 26 and 28, 2013, which, to the extent appealed from as limited by the briefs, in the respective actions regarding the injured claimants Keyana Lucas and Tashuana Lucas, denied plaintiff's motions for summary judgment seeking declarations of noncoverage for no-fault benefits as against defendant-respondent Sky Acupuncture, P.C., unanimously reversed, on the law, without costs, the motions granted, and it is declared that plaintiff owes no coverage obligation to Sky Acupuncture, P.C. for no-fault benefits for the injured claimants.

The failure to attend duly scheduled medical exams voids the policy ab initio (see *Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559, 560 [1st Dept 2011], *lv denied* 17 NY3d 705 [2011]). Accordingly, when defendants' assignors failed to appear for the requested medical exams, plaintiff had the right to deny all claims retroactively to the date of loss, regardless of whether the denials were timely issued (see Insurance Department Regulations [11 NYCRR] § 65-3.8 [c]; *Unitrin*, 82 AD3d at 560).

" '[A] properly executed affidavit of service raises a presumption that a proper mailing occurred, and a mere denial of receipt is not enough to rebut this presumption' " (*Matter of Ariel Servs., Inc. v New York City Envtl. Control Bd.*, 89 AD3d 415, 415 [1st Dept 2011]). "The presumption may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed" (*Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679, 680 [2d Dept 2001]).

Plaintiff submitted competent evidence that the notices scheduling the claimant's medical examinations were mailed, as well as the failure to appear, based on the sworn affidavits of the scheduled examining physician and his employee (see *American Tr. Ins. Co. v Solorzano*, 108 AD3d 449, 449 [1st Dept 2013]). Contrary to defendants' contention, the affidavits were not conclusory, as they established personal knowledge, the employee's role in the physician's no-fault department, and the physician's personal knowledge of the office procedures when a claimant failed to appear for a medical exam (cf. *First Help Acupuncture, P.C. v Lumbermens Mut. Ins. Co.*, 9 Misc 3d 1127[A], 2005 NY Slip Op 51815[U] [Civ Ct, Kings County 2005], *affd* 14 Misc 3d 142[A], 2007 NY Slip Op 50365[U] [App Term, 2d Dept 2007]).

There is no requirement to demonstrate that the claims were

timely disclaimed since the failure to attend medical exams was an absolute coverage defense (*see New York & Presbyt. Hosp. v Country-Wide Ins. Co.*, 17 NY3d 586, 593 [2011]; *Unitrin Advantage Ins. Co.*, 82 AD3d at 560). Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Feinman, JJ.