Order, Supreme Court, New York County (Ellen M. Coin, J.), entered March 26, 2013, which denied plaintiff’s motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and it is declared that plaintiff insurance company has no obligation to pay defendant Stand-Up MRI’s claims.
*442 Plaintiff demonstrated its entitlement to judgment as a matter of law by submitting competent evidence that it mailed the notices scheduling the injured defendant’s independent medical examinations (IMEs) and that he failed to appear for the examinations (see American Tr. Ins. Co. v Lucas, 111 AD3d 423 [1st Dept 2013]; American Tr. Ins. Co. v Solorzano, 108 AD3d 449, 449 [1st Dept 2013]). Defendant provider’s contention that plaintiff failed to prove the mailing of IME notices to the assignor’s attorney, absent competent proof in the record establishing that the assignor was represented by counsel with regard to the subject no-fault claim, is unavailing (see Center for Orthopedic Surgery, LLP v New York Cent. Mut. Fire Ins. Co., 31 Misc 3d 128[A], 2011 NY Slip Op 50473[U] [App Term, 1st Dept 2011]).
Attendance at a medical examination is a condition of coverage. Accordingly, there is no requirement that the claim denial be timely made (see American Tr. Ins. Co. v Lucas, 111 AD3d 423 [1st Dept 2013]; Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011], lv denied 17 NY3d 705 [2011]). Concur — Mazzarelli, J.P, Sweeny, DeGrasse, Freedman and Gische, JJ.