American Tr. Ins. Co. v Clark (2015 NY Slip Op 06759)





American Tr. Ins. Co. v Clark


2015 NY Slip Op 06759


Decided on September 15, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2015

Gonzalez, P.J., Acosta, Moskowitz, Richter, Feinman, JJ.


14636 152876/12

[*1] American Transit Insurance Company, Plaintiff-Respondent,
v
James Allen Clark, et al., Defendants, Sky Acupuncture, P.C., Defendant-Appellant.


Law Offices of Melissa Betancourt, P.C., Brooklyn (Melissa Betancourt of counsel), for appellant.
The Law Office of Jason Tenenbaum, P.C., Garden City (Jason Tenenbaum of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered April 7, 2014, to the extent appealed from as limited by the briefs, which granted plaintiff's motion for summary judgment against defendant Sky Acupuncture, P.C., and declared that defendant Sky Acupuncture, P.C. is not entitled to no-fault insurance coverage for the subject motor vehicle accident, unanimously reversed, on the law, without costs, and the declaration vacated.
Plaintiff failed to establish prima facie that it was entitled to deny defendant Sky Acupuncture's claim because Sky's assignor, defendant Clark, did not appear for independent medical examinations (IMEs) (see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559 [1st Dept 2011], lv denied 17 NY3d 705 [2011] [to meet its prima facie burden on summary judgment, insurer must establish that it requested IMEs in accordance with the procedures and time frames set forth in the No-Fault implementing regulations, and that the patient did not appear]; see also Interboro Ins. Co. v Perez, 112 AD3d 483 [1st Dept 2013]). Here, although plaintiff established that the notices of the scheduled IMEs were properly mailed and that Clark did not appear, plaintiff failed to show that the scheduling of the IMEs complied with Insurance Department Regulations (11 NYCRR) § 65-3.5(d), which prescribes a 30-calendar-day time frame for the holding of IMEs (see W.H.O. Acupuncture, P.C. v Travelers Home & Mar. Ins. Co., 36 Misc 3d 152[A], 2012 NY Slip Op 51707[U] [App Term, 2d Dept 2012]; American Tr. Ins. Co. v Jorge, 2014 NY Slip Op 30720[U] [Sup Ct, NY County 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 15, 2015
CLERK