Order and judgment (one paper), Supreme Court, New York County (Anil C. Singh, J.), entered January 2, 2014, which, to *850 the extent appealed from, granted plaintiff’s motion for summary judgment on its complaint against defendant KHL Acupuncture, P.C. (KHL), and declared that KHL is not entitled to receive no-fault benefits from plaintiff, reversed, on the law, without costs, the motion denied, and the declaration vacated.
Plaintiff failed to establish prima facie that it was entitled to deny KHL’s claim because KHL’s assignor, defendant Shateahah Vance, did not appear for independent medical examinations (IMEs) (see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559 [1st Dept 2011], lv denied 17 NY3d 705 [2011] [to meet its prima facie burden on summary judgment, insurer must establish that it requested IMEs in accordance with the procedures and time frames set forth in the No-Fault implementing regulations, and that the patient did not appear]; see also Interboro Ins. Co. v Perez, 112 AD3d 483 [1st Dept 2013]). Here, although plaintiff established that the notices of the scheduled IMEs were properly mailed and that Vance did not appear, plaintiff failed to show that the scheduling of the IMEs complied with Insurance Department Regulations (11 NYCRR) § 65-3.5 (d), which prescribes a 30-calendar-day time frame for the holding of IMEs (see W.H.O. Acupuncture, P.C. v Travelers Home & Mar. Ins. Co., 36 Misc. 3d 152[A], 2012 NY Slip Op 51707[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; American Tr. Ins. Co. v Jorge, 2014 NY Slip Op 30720[U] [Sup Ct, NY County 2014]). For the reasons set forth in American Tr. Ins. Co. v Longevity Med. Supply, Inc. (131 AD3d 841 [1st Dept 2015] [decided simultaneously herewith]), we disagree with the dissent’s view that this issue should not be reviewed because it was raised for the first time on appeal.
Concur — Acosta, Moskowitz, Richter and Kapnick, JJ.