Allstate Insurance Company, Petitioner-Respondent,
against
Deborah Gandron, Respondent-Appellant.



Respondent appeals from an order of the Civil Court of the City of New York, New York County (Leticia M. Ramirez, J.), entered March 23, 2018, which granted the petition of Allstate Insurance Company to vacate a master arbitrator's award and reinstated the original arbitrator's award in favor of petitioner.




Per Curiam.
Order (Leticia M. Ramirez, J.), entered March 23, 2018, reversed, without costs, petition denied and the award of the master arbitrator is reinstated. 
Civil Court erred in vacating the master arbitrator's award on the ground of misconduct (see CPLR 7511[b][1]). The master arbitrator's measured response to the self-represented respondent-appellant's apparently unsolicited communication, wherein the master arbitrator, inter alia, directed appellant to serve a copy of her communication upon petitioner Allstate, and indicated that respondent "would be well advised to retain an attorney to advise you of what your rights and chances are," did not rise to the level of misconduct so as to warrant vacatur of the arbitration award (see Matter of Travelers Ins. Co. v Job, 239 AD2d 289, 289—90 [1997]; cf. Matter of Goldfinger v Lisker, 68 NY2d 225, 227-228 [1986] ["private communication between the arbitrator and one party-litigant, which related to the credibility of the party-litigant and the validity of the amount in dispute, and occurred without the knowledge or consent of the other party-litigant, constitutes misconduct sufficient to warrant vacating the arbitration award"]). 
Nor did the master arbitrator exceed his authority, and his determination that there were factual issues concerning whether Allstate complied with the relevant no-fault regulations (see American Tr. Ins. Co. v Clark, 131 AD3d 840 [2015]; 11 NYCRR § 65-3.6[b]) and whether respondent's nonappearance for a scheduled independent medical examination was excusable (cf. Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 18 [App Term, 2d Dept 2004] affd 35 AD3d 720 [2006]), was not irrational.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2019