Kamara Supplies a/a/o Lisa Sanchez, Plaintiff-Appellant,
against
GEICO General Insurance Co., Defendant-Respondent.




Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Judy H. Kim. J.), entered April 18, 2019, which granted defendant's motion to vacate so much of the judgment as awarded plaintiff attorneys' fees pursuant to 11 NYCRR § 65-4.6(c).




Per Curiam.
Order (Judy H. Kim, J.), entered April 18, 2019, affirmed, with $10 costs.
Upon the trial of this action, the court determined that plaintiff-provider established its entitlement to no-fault benefits in the amount of $4,590.72 and that defendant-insurer failed to establish its independent medical examination (IME) no-show defense. This determination is not challenged on appeal. The issue before us is whether plaintiff, who is entitled to attorneys' fees pursuant to the governing Insurance Department Regulations (see 11 NYCRR § 65-4.6), is entitled to said fees pursuant to the standard fee provision contained 11 NYCRR § 65-4.6(d), which limits attorneys' fees to 20% of the amount recovered, subject to a then-maximum fee of $850 (now $1,360), or pursuant to the hourly rate fee provision contained in 11 NYCRR § 65-4.6(c). Civil Court held that the standard fee provision contained in section 65-4.6(d) applies in this case. We agree, and therefore affirm.
The hourly rate fee provision contained in 11 NYCRR § 65-4.6(c) governs disputes where "one of the issues involves a policy issue as enumerated on the prescribed denial of claim form(NYS form NF-10)" (emphasis added). However, the "policy issues" enumerated on the denial of claim form at bar are clearly limited to include only: (1) the policy was not in force on the date of the accident (box 3); (2) the injured person is excluded under policy conditions or exclusion (box 4); (3) the policy conditions were violated, which is limited to two categories involving late submission of a notice of claim (box 5); (4) the injured person is not an eligible injured person (box 6); (5) and the injuries did not arise out of use or operation of a motor vehicle (box 7). 
The language of 11 NYCRR § 65-4.6(c) and the specifically enumerated policy issues on the denial of claim form are clear and unambiguous; patently they do not include the assignor's [*2]failure to attend an IME. Therefore, plaintiff was not entitled to hourly attorneys' fees pursuant to 11 NYCRR 65-4.6(c). Since the standard fee provision applies to "all other disputes" (11 NYCRR § 65-4.6[d]), it was properly applied in this case.
Plaintiff's arguments to the contrary do not warrant a different result. While the failure to attend an IME "is a breach of a condition precedent to coverage under the no-fault policy" (Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [2011], lv denied 17 NY3d 705 [2011]), it is not a "policy issue as enumerated on the prescribed denial of claim form" (11 NYCRR § 65-4.6[c]). Nor is defendant's characterization of its defense as a policy issue dispositive. Construing the regulation strictly, as we must since it is in derogation of the common law rule that parties to a controversy pay their own counsel fees (see McKinney's Cons Laws of NY, Book 1, Statutes, § 301[a]; Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]), hourly attorneys' fees are allowable where one of the specifically enumerated policy issues is involved, not whether one party designates a particular defense as a policy issue.
The opinion letters issued by Department of Financial Services (DFS) relied upon by plaintiff do not interpret the counsel fees regulation at issue. Nor did DFS explicitly state, in interpreting its own regulations, that the failure of the assignor to appear for an IME constitutes a "policy violation" so as to trigger additional attorneys' fees under Insurance Department Regulations (11 NYCRR § 65-4.6[c]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 13, 2020