PV Holding Corp. v Hank Ross Med., P.C. (2020 NY Slip Op 06367)





PV Holding Corp. v Hank Ross Med., P.C.


2020 NY Slip Op 06367


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Acosta, P.J., Singh, Kennedy, Shulman, JJ. 


Index No. 153793/17 Appeal No. 12279 Case No. 2020-01894 

[*1]PV Holding Corp., et al, Plaintiffs-Appellants,
v
Hank Ross Medical, P.C., et al., Defendants, RA Medical Services, P.C., et al., Defendants-Respondents.


Rubin, Fiorella, Friedman & Mercante LLP, New York (David F. Boucher, Jr. of counsel), for appellants.
The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for respondents.



Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about September 24, 2019, which denied plaintiffs' motion for summary judgment declaring they have no obligation to pay no-fault benefits to the health care defendants who provided services to the individual defendants who claimed injury arising from an automobile accident, unanimously modified, on the law, to declare that claimant Ronald Garcia's repeated nonappearance for properly scheduled independent medical examinations (IME) was a failure on his part to fulfill a condition precedent to coverage, thus vitiating his coverage under the policy, and otherwise affirmed, without costs.
Avis, a self-insurer of its rental vehicles, did not establish prima facie entitlement to summary judgment on its claim for declaratory relief as against claimant defendants Emanuel Sumner, Aaron Hutchinson, and Robert Eugene Henry, because it failed to demonstrate that the IMEs were sought before any medical provider claims were filed (cf. Hertz Vehicles, LLC v Alluri, 171 AD3d 432 [1st Dept 2019]). Avis acknowledged that there were many claims already submitted to it by defendant health care providers, and that the magnitude of the claims was part of the reason that prompted it to schedule the IMEs. Having offered no evidence as to when the earlier claims were filed, on which claimant's behalf such claims were filed, and whether any initial verifications were sent out and returned to the insurer from particular health care providers, Avis was bound to adhere to the strict claim procedures set forth in 11 NYCRR 65-3.5(b), 65-3.5(d) and 65-3.6 regarding the scheduling of IMEs (see American Tr. Ins. Co. v Longevity Med. Supply, Inc., 131 AD3d 841 [1st Dept 2015]; American Tr. Ins. Co. v Vance, 131 AD3d 849 [1st Dept 2015]). Avis offered no proof that it complied with these no-fault claim procedures as to the claimants Sumner, Hutchinson and Henry.
Avis's proof, however, did demonstrate that it scheduled claimant Ronald Garcia's initial IMEs within 15 business days of receiving a claim verification form from a healthcare provider, and that after Garcia failed to appear at the initial IMEs, it then rescheduled the IMEs in accordance with the time constraints in 11 NYCRR 65-3.6(b), and Garcia once again failed to appear. A failure to attend an IME is a violation of a condition precedent to coverage which vitiates the policy (see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011], lv denied 17 NY3d 705 [2011]). The repeated nonappearance effectively cancels the contract as if there was no coverage in the first instance, permitting an insurer to deny all claims
retroactively to the date of loss and outside the 30-day deadline in which to issue a
denial (see id. at 560).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020