Unitrin Advantage Ins. Co. v Dowd (2021 NY Slip Op 03012)





Unitrin Advantage Ins. Co. v Dowd


2021 NY Slip Op 03012


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Kern, J.P., González, Scarpulla, Mendez, JJ. 


Index No. 156945/16 Appeal No. 13797 Case No. 2020-02680 

[*1]Unitrin Advantage Insurance Company, Plaintiff-Appellant,
v
Andrew J. Dowd, M.D., Defendant-Respondent.


Goldberg, Miller & Rubin P.C., New York (Harlan R. Schreiber of counsel), for appellant.
Economou & Economou, P.C., Syosset (Ralph C. Caio of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about May 21, 2020, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment on his claim for no-fault insurance benefits in the amount of $6,106.56, plus interest and attorneys' fees, and denied plaintiff's cross motion for summary judgment on the same claim, unanimously reversed, on the law, without costs, defendant's motion denied and plaintiff's cross motion granted.
Plaintiff sent defendant a timely request for an examination under oath (EUO) with respect to a claim for benefits in the amount of $6,106.56, for shoulder surgery performed by defendant on an individual that was a passenger in a vehicle involved in an accident, covered by a no-fault insurance policy issued by plaintiff. Defendant failed to appear and plaintiff denied all claims for benefits made by defendant.
The failure to appear for an EUO that was requested in a timely fashion by the insurer is a breach of a condition precedent to coverage and voids the policy ab initio (see Hertz Vehicles, LLC v Alluri, 171 AD3d 432 [1st Dept 2019]; Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011] ["when defendants' assignors failed to appear for the requested IMEs, plaintiff had the right to deny all claims retroactively to the date of loss, regardless of whether the denials were timely issued"]). The coverage defense applies to any claim and is not determined on a bill by bill basis (see PV Holding Corp. v AB Quality Health Supply Corp., 189 AD3d 645, 646 [1st Dept 2020]). The EUO was timely requested as to the second claim for benefits for the shoulder surgery, accordingly, defendant's failure to appear at that EUO voided the policy ab initio as to all claims, and plaintiff's cross motion for summary judgment should have been granted in its entirety.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021