Impulse Imaging, P.C. v State Farm Fire & Cas. Co. (2021 NY Slip Op
51031(U))

[*1]

Impulse Imaging, P.C. v State Farm Fire & Cas. Co.

2021 NY Slip Op 51031(U) [73 Misc 3d 135(A)]

Decided on October 29, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 29, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2018-2519 K C

Impulse Imaging, P.C., as Assignee of
Denzel Gittens, Respondent, 
against
State Farm Fire and Casualty Co., Appellant.

Bruno, Gerbino. Soriano & Aitken, LLP (Nathan M. Shapiro of counsel), for appellant.
Law Offices of Ilona Finkelshteyn, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J.
Montelione, J.), entered October 12, 2018. The order, insofar as appealed from as limited by the
brief, granted plaintiff's motion for summary judgment and failed to determine the branch of
defendant's cross motion seeking summary judgment dismissing the complaint on the ground that
there was a lack of coverage.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, plaintiff's
motion for summary judgment is denied, and the matter is remitted to the Civil Court to
determine the undecided branch of defendant's cross motion seeking summary judgment
dismissing the complaint on the ground that there was a lack of coverage.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved
for summary judgment. Defendant cross-moved for summary judgment dismissing the complaint
on two grounds: (1) that plaintiff's assignor had failed to appear for examinations under oath
(EUOs), a defense which is subject to preclusion (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045
[2d Dept 2009]; cf. Unitrin Advantage
Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559 [1st Dept 2011]), and (2)
that there was a lack of coverage in that the incident from which the alleged injuries arose was a
staged accident, a defense which is not subject to preclusion (see Central Gen. Hosp. v Chubb
Group of Ins. Cos., 90 NY2d 195 [1997]). By order entered October 12, 2018, the Civil
Court stated that plaintiff had made a prima facie showing of its entitlement to summary
judgment and that defendant had "failed to rebut same" because defendant's toll of its time to pay
or deny plaintiff's claim had expired due to defendant's failure to timely send a follow-up EUO
scheduling letter. The Civil Court then granted plaintiff's motion for summary judgment and
stated that it was denying defendant's cross motion "in full," but without mentioning defendant's
staged accident defense, [*2]for which a toll is not necessary.
Defendant correctly argues that plaintiff failed to make a prima facie showing of its
entitlement to summary judgment, as plaintiff failed to establish that its claims had not been
timely denied (see Viviane Etienne Med.
Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued
timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide
Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011
NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Therefore,
plaintiff's motion should have been denied.
Even if plaintiff had made a prima facie showing, which defendant failed to rebut, plaintiff's
motion should, in any event, not have been granted without consideration of defendant's staged
accident defense, a defense which does not require a denial of claim. However, the court did not
mention, much less discuss, the staged accident defense and granted plaintiff's motion on the
ground that defendant had not "preserved the EUO non-appearance defense." Thus, while the
court stated that it was denying defendant's cross motion "in full," it appears that the court did not
consider the branch of defendant's cross motion seeking to dismiss the complaint based on
defendant's nonprecludable staged accident defense. Therefore, we remit the matter to the Civil
Court to determine that branch, which remains pending and undecided.
Accordingly, the order, insofar as appealed from, is reversed, plaintiff's motion for summary
judgment is denied, and the matter is remitted to the Civil Court to determine the undecided
branch of defendant's cross motion seeking summary judgment dismissing the complaint on the
ground that there was a lack of coverage.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 29, 2021