State Farm Mut. Auto. Ins. Co. v All City Family Healthcare Ctr., Inc. (2022 NY Slip Op 04142)

State Farm Mut. Auto. Ins. Co. v All City Family Healthcare Ctr., Inc.

2022 NY Slip Op 04142

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Rodriguez, JJ. 

Index No. 154735/20 Appeal No. 16228 Case No. 2021-04761 

[*1]State Farm Mutual Automobile Insurance Company, Plaintiff-Appellant,
v
All City Family Healthcare Center, Inc. et al., Defendants, Atlas Physical Therapy, Inc. et al., Defendants-Respondents.

Rivkin Radler LLP, Uniondale (Stuart M. Bodoff of counsel), for appellant.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about June 24, 2021, which denied plaintiff's motion for a default judgment on its claims seeking a declaration of noncoverage against all defaulting defendants, unanimously reversed, on the law, without costs, the motion granted, and it is so declared.
This declaratory judgment action concerns claims for no-fault insurance benefits made in connection with an automobile crash that occurred on February 5, 2019. Contrary to the court's ruling, plaintiff established, as to the first cause of action, that the individual claimants, who assigned their claims for no-fault insurance benefits to the defaulting medical service provider defendants, failed to appear for properly-noticed examinations under oath. A review of the court's order indicates that it based its decision on plaintiff's receipt of a NF-2 form (application for no-fault benefits), rather than the verification forms (e.g., NF-3 or NF-4 forms). The 15-business day timeframe is not measured based on receipt of the NF-2 application, but on the receipt of the verification forms (11 NYCRR 65-3.5[a], [b]); see Hertz Vehicles, LLC v Best Touch PT, P.C., 162 AD3d 617 [1st Dept 2018]). Accordingly, plaintiff's notices were timely and the failure to appear was a breach of a condition precedent to coverage and voids the policy ab initio (see State Farm Mut. Auto Ins. Co. v Surgicore of Jersey City, LLC, 195 AD3d 454, 455-456 [1st Dept 2021]; Unitrin Advantage Ins. Co. v Dowd, 194 AD3d 507 [1st Dept 2021]).
As to the second cause of action, seeking a declaration of noncoverage because the crash was intentional or staged, plaintiff submitted sufficient evidence warranting entry of a default judgment (see CPLR 3215[f]; Surgicore, 195 AD3d at 455). Plaintiff's submissions were sufficient to determine that a viable declaratory judgment cause of action of noncoverage exists and, by failing to answer, the defaulting defendants are deemed to have admitted the factual allegations in the complaint (see generally Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]; Surgicore, 195 AD3d at 455).
Finally, as to the third cause of action, seeking a declaration of noncoverage based on the named insured's failure to cooperate with the investigation of the claim, plaintiff also submitted sufficient evidence warranting entry of a default (CPLR 3215[f]; see generally Pryor v New York Prop. Ins. Underwriting Assn., 18 AD3d 361, 362 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022