Country-Wide Ins. Co. v Alicea (2023 NY Slip Op 01474)

Country-Wide Ins. Co. v Alicea

2023 NY Slip Op 01474

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Kapnick, J.P., Kern, Gesmer, Moulton, Higgitt, JJ. 

Index No. 650364/20 Appeal No. 17532 Case No. 2022-00879 

[*1]Country-Wide Insurance Company, Plaintiff-Respondent,
v
Richard Alicea et al., Defendants, SP Orthotic Surgical & Medical Supply, Inc. et al., Defendants-Appellants.

The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for appellants.
Thomas Torto, New York, for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered August 27, 2021, which granted plaintiff Country-Wide Insurance Company's motion for summary judgment declaring that plaintiff has no duty to defendants-appellants to pay no-fault claims based on the injured party's failure to appear for examinations under oath (EUO), and permanently stayed any further action involving the injured party, unanimously reversed, on the law, without costs, the motion denied and the declaration and stay vacated.
Although plaintiff timely requested an EUO and subsequently issued a timely denial (see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011]), the motion court erred in granting summary judgment. 11 NYCRR 65-3.5 (e) requires an EUO request be based on application of objective standards, and that the insurer must have a specific objective justification. Summary judgment is premature under CPLR 3212 where an insurer fails to provide a medical provider with its objective justification for requesting the EUO (Country-Wide Ins. Co. v Delacruz, 205 AD3d 473, 473 [1st Dept 2022]). This Court has explained that the insurer's reason for the EUO is essential for medical providers to oppose an insurer's summary judgment motion, and that information is in the exclusive knowledge and control of the insurer (American Tr. Ins. Co. v Jaga Med. Servs., P.C., 128 AD3d 441, 441 [1st Dept 2015]).
Plaintiff's argument that the opposing defendants waived any objection to the reasonableness of EUO request is unavailing (Country-Wide, 205 AD3d at 474).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023