Liberty Mut. Ins. Co. v Mercado (2025 NY Slip Op 00631)

Liberty Mut. Ins. Co. v Mercado

2025 NY Slip Op 00631

Decided on February 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025

Before: Friedman, J.P., Gesmer, González, Scarpulla, Pitt-Burke, JJ. 

Index No. 650161/20 Appeal No. 3617 Case No. 2023-06400 

[*1]Liberty Mutual Insurance Company et al., Plaintiffs-Respondents,
v
Dilia Escano Mercado et al., Defendants, Bronx Medical Health Provider et al., Defendants-Appellants, Chang Health Physical Therapy PC, et al., Defendants.

The Rybak Firm, PLLC, Brooklyn (Michael Kroopnick of counsel), for appellants.
Correia, Conway & Stiefeld, White Plains (Nicole E. Duke of counsel), for respondents.

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about November 24, 2023, which granted plaintiffs' motion for summary judgment and adjudged and declared that plaintiffs are not obligated to honor or pay claims for reimbursement to defendants Bronx Medical Health Provider and Burke Physical Therapy PC, as assignees of defendants Dilia Mercado, Jose Mercado, and Miguel Angel Santiago (the individual defendants), with respect to no-fault benefits for an alleged motor vehicle collision that occurred on April 15, 2019, unanimously affirmed, with costs.
The individual defendants were allegedly involved in a vehicle collision with another vehicle. According to plaintiffs, which are the no-fault insurance providers, no injuries were reported at the scene, and no citations were issued. After the collision, the individual defendants sought medical treatment from defendant medical providers for their alleged injuries; the medical providers then sought and were denied reimbursement as assignees of the individual defendants.
Plaintiffs established their entitlement to summary judgment by providing a specific objective justification for conducting examinations under oath (EUOs) of the individual defendants (11 NYCRR 65-3.5[e]; see Country-Wide Ins. Co. v Delacruz, 205 AD3d 473, 473 [1st Dept 2022]). Although the explanation that plaintiffs provided was not particularly extensive, it was sufficient to establish the justification and to establish that defendants had not requested these EUOs arbitrarily or as a matter of routine. We note that plaintiffs moved for summary judgment after the close of discovery, during which they had disclosed to defendants the basis for their requests (cf. Delacruz, 205 AD3d at 473).
Furthermore, Supreme Court correctly concluded that, with respect to these defendants, plaintiffs established that they sent timely requests for the EUOs. Thus, the individual defendants' failure to appear for EUOs constitutes a breach of a condition precedent to coverage and voids the policy ab initio (see Unitrin Advantage Ins. Co. v Dowd, 194 AD3d 507, 508 [1st Dept 2021]).
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2025