| |
|---|
| **Hereford Ins. Co. v Burgess** |
| 2026 NY Slip Op 30764(U) |
| March 3, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 153036/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. HASA A. KINGO**                    PART                   **65M**

*Justice*

---------------------------------------------------------------------------------X

HEREFORD INSURANCE COMPANY,

                    Plaintiff,

             - v -

DYNASIA JACKSON BURGESS, STETFORN JAMES
MARTIN, AEON DIAGNOSTICS, INC, ANGELA ABRAMOV-
PLISCHTEJEW NP-PSYCH/ MENTAL HEALTH,
CENTURION ANESTHESIA SURGICAL CENTERS,
LLC,CR MEDICAL CARE, PLLC,GAETAN JEAN MARIE,
DNP-FNP, GAETAN JEAN MARIE, FAMILY HEALTH NP,
PLLC,HEALTH HEAVEN SERVICES, INC, HORIZON
MEDICAL, PC,INTEGRATED SPECIALTY ASC,
LLC,MODERN RX PHARMACY, INC, MOSAIC
DIAGNOSTIC IMAGING, PLLC,NORTHEAST MEDICAL
DEVICES LLC,NOVAR PT PC,ORTHO & PAIN CENTER
OF NJ, PC,PDA NY CHIROPRACTIC, PC,REFUA RX INC,
SPARK INSPIRATION LABORATORY, WELLNESS
EXPRESS PT, PC

                    Defendant.

---------------------------------------------------------------------------------X

INDEX NO.                153036/2024

MOTION DATE            02/17/2026

MOTION SEQ. NO.            003

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 90, 91, 92, 93, 95
were read on this motion for                         DEFAULT JUDGMENT           .

      Plaintiff HEREFORD INSURANCE COMPANY ("Hereford") moves, pursuant to CPLR § 3215, for a default judgment against defendant ORTHO & PAIN CENTER OF NJ, PC ("Ortho & Pain" or the "Defaulting Defendant"). The motion is granted for the reasons set forth below.

## BACKGROUND AND PROCEDURAL HISTORY

      This action was commenced by the filing of a summons and verified complaint on April 2, 2024. The record reflects that Ortho & Pain was served with the initiating papers. The affidavit of service states that on March 6, 2025, service of the notice of electronic filing, summons, and complaint was effected upon Ortho & Pain at an address in Holmdel, New Jersey, by delivery to "Hua Peng," described as a person authorized to accept service for Ortho & Pain (c/o RA Bruce Jacobson). The affidavit of service further recites inquiry regarding military service and reflects a negative reply.

      Thereafter, Hereford served a notice of default advising that a motion for default judgment would be filed and that the summons and complaint were being mailed to the defendant's last known address.

Ortho & Pain has not appeared or answered. Hereford's moving affirmation expressly represents that the Defaulting Defendant was properly served and remains in default.

No opposition was submitted.

## ARGUMENTS

Hereford contends it has satisfied CPLR § 3215 by submitting: proof of service, proof of the Defaulting Defendant's failure to appear or answer, and proof of the merits of its claims through the verified complaint and supporting sworn submissions.

On the merits, Hereford asserts that Ortho & Pain—standing in the shoes of its assignors/claimants—has no entitlement to reimbursement because (i) claimant Martin failed to appear for duly scheduled EUOs on multiple occasions, (ii) claimant Jackson failed to subscribe and return her EUO transcript despite due demand, and (iii) Hereford maintains a founded belief that the alleged injuries and ensuing treatment do not arise from a covered insured event, including because the incident was staged and/or intentional.

Hereford further relies on the no-fault regulatory condition precedent requiring EUO compliance and subscription, and cites authority for the proposition that noncompliance permits retroactive denial of claims.

Ortho & Pain had not opposed the motion and had not appeared.

## DISCUSSION

A party seeking a default judgment must demonstrate: (1) proper service of the initiating papers; (2) proof of the facts constituting the claim; and (3) proof of the defendant's default (see CPLR § 3215[f]; *Bigio v Gooding*, 213 AD3d 480 [1st Dept 2023].) A verified complaint, affidavit, or attorney affirmation made on personal knowledge may constitute adequate proof of merit (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70 [2003]).

Although a defaulting defendant is deemed to admit the traversable factual allegations of the complaint by virtue of its default, a court does not enter judgment as a ministerial act. CPLR § 3215 requires a plaintiff to submit competent proof sufficient to enable the court to determine that a viable claim exists and that the relief demanded is warranted. This gatekeeping function is particularly important where, as here, the plaintiff seeks declaratory relief that will prospectively govern the parties' rights and obligations concerning coverage and reimbursement.

Hereford has demonstrated proper service. The affidavit of service states that on March 6, 2025, the process server served Ortho & Pain by delivering the initiating papers to a person identified as authorized to accept service for the corporate defendant.

The affidavit is facially sufficient, and there has been no appearance or evidentiary proffer by Ortho & Pain to rebut it.

153036/2024   HEREFORD INSURANCE COMPANY vs. BURGESS, DYNASIA JACKSON ET AL                    Page 2 of 5
Motion No.  003

2 of 5

The court also notes Hereford's additional notice measures—sending a notice of default advising that a default motion would be made and that a copy of the summons and complaint was being mailed to the last known address—which further supports the fairness and regularity of the process employed.

Accordingly, the first CPLR § 3215 requirement is satisfied.

Hereford has also established Ortho & Pain's default. The moving papers represent that Ortho & Pain was served, that the time to appear or answer has expired, and that it has not answered or otherwise moved with respect to the complaint.

Ortho & Pain's nonappearance on this motion further confirms that default.

Accordingly, the third CPLR § 3215 requirement is satisfied.

Hereford's proof of merit is more than adequate under CPLR § 3215(f) and *Woodson*. The court relies on the verified pleading (which is itself proof of merit) together with the detailed sworn submissions describing the policy, the claim, the regulatory conditions precedent, the EUO notices and noncompliance, and the coverage-dispositive grounds asserted.

The no-fault endorsement mandates that, upon request, an eligible injured person (or assignee) must submit to an EUO and "subscribe the same," and also provide other information reasonably required to determine payment.

Critically, the endorsement further provides that "no action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with the terms of this coverage."

Hereford's motion papers set forth a chronology showing repeated EUO scheduling for claimant Martin and repeated nonappearance, including multiple notices and multiple missed dates. The papers likewise set forth that claimant Jackson appeared for an EUO but then failed—despite follow-up requests—to subscribe and return the EUO transcript as required.

The case law supplied in the record supports Hereford's legal theory that these breaches vitiate coverage and permit denial. The Appellate Division, First Department, has held that failure to comply with a condition precedent to coverage confers on the insurer the right to deny all claims retroactively to the date of loss, regardless of whether the denials were timely issued (*Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559 [1st Dept 2011]; *Unitrin Advantage Ins. Co. v Dowd*, 194 AD3d 507 [1st Dept 2021]; *Hertz Vehicles LLC v Alluri*, 171 AD3d 432 [1st Dept 2019])

The record further cites Appellate Division, First Department, authority that a claimant's failure to subscribe and return the EUO transcript is itself a breach of a coverage condition warranting denial (*Unitrin Independence Insurance Co. v Cornerstone Chiropractic, P.C.*, 171 AD3d 447 [1st Dept 2019]).

**153036/2024   HEREFORD INSURANCE COMPANY vs. BURGESS, DYNASIA JACKSON ET AL**          **Page 3 of 5**
**Motion No.  003**

3 of 5

[* 3]

On this motion, Ortho & Pain's default has an additional consequence: Ortho & Pain admits the complaint's factual allegations, including allegations that its assignors breached the EUO condition precedent and that such breaches relieve Hereford of any obligation to reimburse no-fault claims arising from the loss.

The court is satisfied that Hereford has provided sufficient proof—both factual and legal— to support declaratory relief as against this Defaulting Defendant on these grounds.

Hereford also pleads and supports a coverage defense grounded in "founded belief" that the alleged injuries and subsequent treatment do not arise out of a covered insured incident, including because the incident was staged and/or intentional. The record recites the governing standard: an insurer may disclaim based upon "the fact or founded belief that the alleged injury does not arise out of an insured incident."

Here, the motion papers supply multiple factual circumstances that Hereford contends collectively support its founded belief, including: a late-night "phantom vehicle" hit-and-run; no injuries reported at the scene and refusal of medical attention; minimal vehicle damage; extensive, boilerplate treatment afterward; anomalies in identifying information; and the presence of an unclaimed third passenger.

The papers also describe claimant Jackson's EUO testimony, including internal inconsistencies and details that, at minimum, raised legitimate concerns about how the incident occurred and how subsequent treatment was initiated.

Whether these facts would ultimately be proved against a litigating defendant after joinder of issue is not the question on a CPLR § 3215 motion; rather, the court must determine whether Hereford has demonstrated a legally cognizable claim and has supplied sufficient proof of the facts constituting that claim. Hereford's submissions meet that threshold.

Moreover, the record cites authority recognizing that where defendants default, the complaint's allegations are deemed admitted, and circumstantial evidence may suffice to support the insurer's position.

In light of Ortho & Pain's default, the admitted allegations, and the supporting sworn submissions, the Court finds Hereford has established merit for declaratory relief against Ortho & Pain on the founded-belief/noncoverage theory as well.

Ortho & Pain is sued as a medical-provider defendant that submitted (or may submit) no-fault bills as an assignee of the claimants.

As the moving papers emphasize, the no-fault endorsement's conditions apply not only to the eligible injured person but also to "that person's assignee."

Thus, where coverage is vitiated by breaches of conditions precedent and/or noncoverage, a provider's derivative billing status does not create an independent right to reimbursement. The

**153036/2024   HEREFORD INSURANCE COMPANY vs. BURGESS, DYNASIA JACKSON ET AL          Page 4 of 5**
**Motion No.  003**

complaint and sworn submissions therefore support a declaration that Hereford owes no duty to pay no-fault claims submitted by Ortho & Pain arising from the loss.

Finally, the court notes that Ortho & Pain was served and then elected silence: no answer, no appearance, and no opposition. A party may not treat Supreme Court litigation as optional and then expect the court to indulge uncertainty. CPLR § 3215 exists to ensure that litigation proceeds with order and consequence. Having demonstrated service, default, and merit, Hereford is entitled to judgment.

Accordingly, it is hereby:

ORDERED that plaintiff HEREFORD INSURANCE COMPANY's motion pursuant to CPLR § 3215 is GRANTED as against defendant ORTHO & PAIN CENTER OF NJ, PC; and it is further

ORDERED that, with respect to the alleged August 22, 2023 incident (Hereford claim no. 105411), HEREFORD INSURANCE COMPANY owes no duty to pay any no-fault claims, bills, reimbursements, or benefits submitted by ORTHO & PAIN CENTER OF NJ, PC as an alleged assignee of DYNASIA JACKSON BURGESS a/k/a DYNASIA JACKSON and/or STETFORN JAMES MARTIN a/k/a STETFORN MARTIN, including because coverage is vitiated by the assignors' failure to comply with examinations under oath and subscription requirements and because HEREFORD has established a founded-belief basis that the alleged injuries and treatment do not arise from a covered insured event, as pleaded; and it is further

ORDERED that the Clerk shall enter judgment accordingly as against ORTHO & PAIN CENTER OF NJ, PC; and it is further

ORDERED that plaintiff shall serve a copy of this decision and order with notice of entry upon defendant ORTHO & PAIN CENTER OF NJ, PC and upon the Clerk of the Court in accordance with the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases.

This constitutes the decision and order of the court.

20260303173929HKINGO04A5749S5767A420C8AFEA8DO41856631

**3/3/2026**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

153036/2024   HEREFORD INSURANCE COMPANY vs. BURGESS, DYNASIA JACKSON ET AL          Page 5 of 5
Motion No.  003

5 of 5

[* 5]