(July 13, 2006)

■ TRADERS COMPANY, Appellant, v AST SPORTSWEAR, INC., et al., Respondents. [819 NYS2d 239]—

Order, Supreme Court, New York County (Marilyn Shafer, J.),

entered January 11, 2006, which granted plaintiff's motion for summary judgment to the extent of directing the Clerk of the Court to enter a money judgment in its favor and against defendant Ying in the amount of $49,827.74, together with interest thereon from February 4, 2004, and denied the balance of the motion; stayed the execution of the money judgment for 90 days from the date of the order; ordered that defendant AST Sportswear may amend its answer to include a counterclaim against plaintiff to apply the security deposit to an outstanding Civil Court judgment and toward any additional amounts found due in this action; and granted defendants' motion to expand the record to include their surreply memorandum, unanimously modified, on the law, to increase the amount of the money judgment awarded to plaintiff against defendant Ying to $94,858.18 and award landlord a money judgment against tenant in the amount of $45,030.44, to grant summary judgment as to attorneys' fees, to deny defendants' motion to expand the record, to deny stay of enforcement and leave to tenant to amend, and otherwise affirmed, with costs in favor of plaintiff. The Clerk is directed to enter judgment accordingly.

This action arises from defendant AST Sportswear's refusal to pay rent to plaintiff landlord, its subsequent abandonment of the premises on the eve of the issuance of a warrant of eviction, and defendant Ying's guarantee of payment for any rent owed plaintiff under defendant AST Sportwear's lease and any attorneys' fees incurred by plaintiff in enforcing such guarantee. In an earlier nonpayment proceeding, defendant AST Sportswear answered but failed to appear for trial, and judgment was entered in plaintiff's favor in the amount of $49,827.74. This action was commenced to recover a total of $94,858.18, the amount of unpaid rent which plaintiff claimed was owed when the tenant abandoned the premises, along with interest and attorneys' fees.

On plaintiff's summary judgment motion, proof in admissible form was submitted which established the unpaid base and the additional rent due of $94,827.18, as well as the guarantee of defendant Ying. In opposition to this proof, defendants submitted the guarantor's unsigned and unsworn affidavit. Defendants also belatedly submitted papers containing a security deposit argument without demonstrating good cause (CPLR 2214 [c]), which was improperly relied upon by the IAS court (*see Pinkow v Herfield*, 264 AD2d 356, 358 [1999]). The IAS court compounded this error by improperly granting tenant leave to amend its answer in the absence of a request for such leave. When the record is viewed without regard to defendants' belated

surreply papers, and based on the pleadings properly interposed, it is clear that defendants submitted no evidence that raises any issue of fact as to any of plaintiff's claims. As such, plaintiff's motion should have been granted. Considering the prior judgment awarded plaintiff against the tenant, the IAS court should have granted the plaintiff's motion to award a judgment against guarantor Ying in the amount of $94,858.18, a judgment against tenant AST Sportswear in the amount of $45,030.44, and summary judgment on plaintiff's cause of action for attorneys' fees. We also reverse the IAS court insofar as it granted defendants' motion to expand the record to include the belated surreply papers, stayed the enforcement of the money judgment for 90 days and permitted defendant tenant to amend its answer. Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and McGuire, JJ.