■ Eugenie Chen, Appellant, v Tony Yan, Also Known as Anthony Yan, et al., Respondents. [971 NYS2d 519]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered August 23, 2012, which, to the extent appealed from as limited by the briefs, dismissed the complaint against defendant Yan, denied plaintiff's motion to dismiss defendants' affirmative defenses alleging the statute of frauds and Yan's lack of personal liability, failed to award interest against defendant PA Estate, LLC at the contractual rate of 10% per annum for the period from November 16, 2011 through August 21, 2012, and failed to refer the issue of the amount of plaintiff's collection costs and expenses to the Special Referee, unanimously modified, on the law, to reinstate the claims against Yan, to award plaintiff interest at the rate of 10% per annum through the date of the order (Aug. 21, 2012), and to refer the matter of collection costs to the Special Referee, and otherwise affirmed, without costs.

Tony Yan, the individual defendant, is the principal of defendant PA Estate LLC (the LLC). On October 18, 2009, Yan affixed his signature to a promissory note in favor of plaintiff Eugenie Chen which stated: "For value received, the undersigned hereby jointly and severally promise to pay to the order of the lender Eugenie Chen, the sum of . . . $50,000.00 . . . together with interest thereon at the rate of 10% per annum on the unpaid balance . . . The term of this investment loan is for 12 months. As a result, the undersigned borrower will be required to repay the entire principal. The lender has no obligation to refinance this loan at the end of its term. Provided, 6 months written advance notice given by either party to the other for termination or willing to refinance." The signature page of the note had two signature lines, each next to the word "Borrower," and one on top of the other. Underneath the top line was typed the words "Tony Yan (Owner)," and Tony Yan's signature appeared above that line. Stamped immediately below the typed words "Tony Yan (Owner)," and covering the area immediately above and below the bottom signature line was a stamp stating: "E/I#20-3529181 PA Estate LLC 264-29 Grand Central PKWY. Little

Neck, NY 11362-2526." On the same signature page was a section titled "Guaranty," but the two signature lines over the word "Guarantor" were left blank. A notary's signature and stamp were affixed at the bottom of the signature page, under the words "For Tony Yan."

On or about July 9, 2010, plaintiff delivered a termination notice to Yan in which she informed him that she did not wish to extend the loan and in which she demanded repayment of the principal amount of the loan together with interest by December 31, 2010. In November 2011 plaintiff commenced this action, in which she asserted that defendants failed to repay the loan and that they were jointly liable to her. Plaintiff further alleged that defendants fraudulently induced her into extending the loan by representing to her that they would pay the balance if she terminated the loan on six months' notice. Finally, plaintiff sought an award of her attorneys' fees, pursuant to a provision in the note providing for same in the event of a default.

Defendants filed an answer in which they denied the material allegations in the complaint and asserted 11 affirmative defenses. The first nine defenses were lack of jurisdiction based on improper service of the summons and complaint; failure to state a cause of action; estoppel; waiver; unclean hands; lapse; failure to mitigate damages; statute of frauds; and the parol evidence rule. The tenth defense asserted that Yan merely signed the note in his capacity as the manager of the LLC, and bore no personal liability to plaintiff. Finally, the eleventh defense alleged that in August 2011 plaintiff agreed to forbear her right to enforce the note in exchange for defendants' promise to repay the principal amount upon the sale of certain real property.

Plaintiff moved to dismiss all of the affirmative defenses. With respect to the tenth defense, which sought to shield Yan from personal liability, she argued that the note was ambiguous because Yan signed in the space designated for the borrower, and because his signature was notarized. She asserted that Yan prepared the note, so any ambiguities are required to be construed against him. She pointed to evidence that Yan acknowledged personal liability, including an email dated December 9, 2010, in which Yan stated that he would begin paying her back when he received income from a food sales job, and further asserted: "Please think of the negative way, if you loan to some other guy and he/she is dis-appeared, what would you do? At least, I am still here facing to you and keep telling you my situation, admitting to owe you money and still accepting to pay you back."

Yan submitted an affidavit in opposition to the motion in

which he stated that he "signed the promissory note, clearly and unequivocally in [his] capacity as owner of [the LLC]." Yan attached a copy of the check representing the loaned funds, which shows that it was made payable to "PA Estate LLC/Tony Yan." The memo line of the check states "PA Estate, LLC." Yan further explained that all written correspondence between himself and plaintiff concerning the loan was made through the LLC's email account or under its letterhead. Yan also pointed out that there was no signature in the guaranty section of the note, so he could not be said to have personally guaranteed the LLC's debt to plaintiff.

The court struck the first, second, third, fourth, fifth, sixth, seventh, ninth and eleventh affirmative defenses as to both defendants, based on their failure to address those defenses on the merits. However, the court upheld the eighth defense (statute of frauds) and the tenth defense (asserting that Yan was not personally liable on the note), and sua sponte dismissed the complaint against Yan. The court stated: "Tony Yan . . . is not personally liable for the repayment of the note (the 10th affirmative defense) as he neither signed a guaranty. Nor would an e-mail 'acknowledging' the debt constitute personal liability in this case where it is clear that the emails were in furtherance of the corporate defendant's business relating to the promissory note. Moreover, the lack of a written guaranty violates the statute of frauds (the 8th affirmative defense)."

The court directed judgment in favor of plaintiff against defendant LLC, in the amount of $50,000 on the note plus $2,500 for late charges, plus $5,416.67 for interest from October 16, 2010 through November 15, 2011 at the contractual rate of 10% annually, and further referred the issue of reasonable attorneys' fees against the LLC to a Special Referee to hear and determine.

A contract is ambiguous if "on its face [it] is reasonably susceptible of more than one interpretation" (*Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]). The determination whether a contract is ambiguous is a question of law for the court (*South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]). If the court deems a contract ambiguous, it may consult extrinsic evidence to resolve the ambiguity (*see Hambrecht & Quist Guar. Fin., LLC v El Coronado Holdings, LLC*, 27 AD3d 204 [1st Dept 2006]). However, where "the determination of the parties' intent depends upon the credibility of extrinsic evidence or a choice among inferences to be drawn from extrinsic evidence, then the issue is one of fact" (*Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880 [1985]).

Upon our review of the promissory note, we agree with the motion court that Yan does not have liability as a personal guarantor of a debt assumed by the LLC, because he did not execute the guaranty section of the note, as required to satisfy the statute of frauds (*see* General Obligations Law § 5-701 [a] [2]). However, we cannot determine as a matter of law that Yan did not assume primary liability for the debt, in addition to the LLC. After all, the note expressly creates "joint and several liability" for "the undersigned." If the LLC was the sole obligor, this language would make no sense.

Further, the manner in which the signature page was executed raises questions as to whether Yan was signing in his individual capacity, or as the principal of the LLC. It is possible to conclude that Yan intended to sign strictly on behalf of the entity by placing the word "owner" next to his signature and placing the stamp of the entity directly below his name. However, a reasonable person could alternatively interpret the signature section as containing Yan's signature on one line, and the LLC's stamp on the other, indicating that they each intended to be a "borrower." Making the parties' intentions even murkier is the fact that the notary did not indicate that Yan appeared before him in his capacity as a principal of the LLC. Rather, next to the words "Notarized by:" is the statement "For Tony Yan."

While, as noted above, we are generally authorized to employ extrinsic evidence to resolve contract ambiguities, the evidence in this record does not permit us to rule, as a matter of law, that only the LLC assumed liability on the note. The loan proceeds themselves were paid with a check which names both Yan and the LLC as payees. Further, the various emails exchanged by the parties do not eliminate the possibility that Yan had borrowed the funds in his personal capacity. That Yan corresponded via an email address that included the name of the LLC, or that he used the LLC letterhead, is not dispositive of this issue. Because it is not possible to determine whether Yan intended to be liable under the note, it was error for the court to dismiss the complaint as against him individually. Further, we note that while the parties argue in their briefs whether plaintiff stated a cause of action for fraudulent inducement against Yan, that issue is not before us. The court dismissed the claims against Yan strictly on the basis that he was not a party to the promissory note, and did not discuss the merits of that claim.

Finally, to the extent that the court authorized the entry of judgment against the LLC, it should have awarded plaintiff

interest at the rate of 10% per year through the date of its decision (Aug. 21, 2012) and not through November 15, 2011 (*see Spodek v Park Prop. Dev. Assoc.*, 96 NY2d 577, 581 [2001]). It is uncontested that the underlying loan has not been repaid, and the parties agreed that the loan should bear interest at the rate of 10% per annum on the unpaid balance. Further, pursuant to the terms of the promissory note, the court should have ordered not only that a Special Referee hear and determine plaintiff's application for attorneys' fees against the LLC, but also for costs attendant to plaintiff's collection efforts. Concur—Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ.