■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for FFML TRUST, SERIES 2005-FF8 MORTGAGE PASS-THROUGH CERTIFICATES, Plaintiff, v PAUL LAMONTANARO, Respondent, and SWIMMING POOLS BY JACK ANTHONY, INC., Appellant, et al., Defendants. [53 NYS3d 685]—

In an action to foreclose a mortgage, the defendant Swim-

ming Pools by Jack Anthony, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated December 2, 2014, as granted that branch of the motion of the defendant Paul Lamontanaro which was pursuant to CPLR 320 (a) and 2103 (b) to strike its cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action to foreclose a mortgage given by the defendant Paul Lamontanaro. The defendant Swimming Pools by Jack Anthony, Inc. (hereinafter Jack Anthony), was named as a defendant in the action because Jack Anthony had previously filed a mechanic's lien against the mortgaged premises. The attorney for Lamontanaro filed a notice of appearance and verified answer in response to the complaint. Approximately five months later, Jack Anthony served an answer which asserted cross claims against Lamontanaro and other defendants.

Lamontanaro moved, inter alia, pursuant to CPLR 320 (a) and 2103 (b) to strike Jack Anthony's cross claims insofar as asserted against him. The Supreme Court, among other things, granted that branch of Lamontanaro's motion, and Jack Anthony appeals.

The Supreme Court properly granted that branch of Lamontanaro's motion which was to strike Jack Anthony's cross claims insofar as asserted against him. Jack Anthony attempted to serve its answer, including its cross claims, upon Lamontanaro at his residence. However, since Lamontanaro was represented by counsel during the relevant time period, Jack Anthony's answer was required to have been served upon Lamontanaro's attorney pursuant to CPLR 2103 (b) (*see Paulus v Christopher Vacirca, Inc.*, 128 AD3d 116, 120 [2015]). Furthermore, Jack Anthony's answer was untimely (*see* CPLR 320 [a]). Contrary to Jack Anthony's contention, under the circumstances of this case, the court providently exercised its discretion in declining to disregard the above-mentioned defects pursuant to CPLR 2001 (*see Segway of N.Y., Inc. v Udit Group, Inc.*, 120 AD3d 789, 791 [2014]). Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.