■ CP JBAM HOLDINGS, LLC, Appellant, v IRA SHAPIRO et al., Respondents. [54 NYS3d 853]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 9, 2017, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the first cause of action as against defendant Irene Shapiro, and the second and fifth causes of action, unanimously reversed, on the law, and the motion denied.

The "clear and unequivocal meaning" of the contractual language requiring defendant Irene Shapiro to obtain approvals of certain plans is that Shapiro was required merely to seek those approvals (see Mionis v Bank Julius Baer & Co., 301 AD2d 104, 110 [1st Dept 2002]). However, that reading would render meaningless or absurd the contractual terms regarding reduction of payment in the face of a failure to obtain the approvals (Ambac Assur. UK Ltd. v J.P. Morgan Inv. Mgt., Inc., 88 AD3d 1, 9 [1st Dept 2011]; see also Mirvish v Mott, 18 NY3d 510, 520 [2012]). The conflict between the two provisions renders the asset purchase agreement ambiguous, and the motion to dismiss should have been denied (see Chen v Yan, 109 AD3d 727 [1st Dept 2013]). Concur—Tom, J.P., Richter, Manzanet-Daniels, Mazzarelli and Gische, JJ.