Matter of Liljov Realty Corp. v New York State Div. of Human Rights (2021 NY Slip Op 04189)





Matter of Liljov Realty Corp. v New York State Div. of Human Rights


2021 NY Slip Op 04189


Decided on July 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 01, 2021

Before: Renwick, J.P., Gische, Oing, Mendez, JJ. 


Index No. 158197/19 Appeal No. 14157 Case No. 2020-03950 

[*1]In the Matter of Liljov Realty Corp. et al., Petitioners,
v
New York State Division of Human Rights et al., Respondents.


Caroline J. Downey, State Division of Human Rights, New York (Michael K. Swirsky of counsel), for respondents.



Cross-petition of respondent New York State Division of Human Rights (DHR) (transferred to this Court by order of Supreme Court, New York County [Eileen A. Rakower, J.], entered January 3, 2020), seeking an order confirming an order after compliance hearing (OACH) of the DHR Commissioner, dated June 25, 2019, which directed petitioners (together, landlord) to offer respondent Juan Quispe and his wife the first-floor apartment at issue at a rent comparable to the rent they are paying in their current fifth-floor apartment in the same building, unanimously granted, and the OACH confirmed, without costs.
Substantial evidence supports the DHR Commissioner's determination that landlord violated an earlier order after stipulation of the DHR Commissioner, dated February 11, 2015, and the directive to landlord to offer Quispe and his wife the subject first-floor apartment at a rent comparable to the rent in their current fifth-floor apartment (see 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]). In light of the ambiguity of the subject stipulation's material terms (see Chen v Yan, 109 AD3d 727, 729 [1st Dept 2013]), the Commissioner rationally construed the stipulation as requiring landlord to offer the first available reasonably similar first-floor apartment in one of the designated apartment buildings to Quispe — who lives on a fixed income — for a rent comparable to what Quispe is paying in his current apartment (see 300 Gramatan Ave., 45 NY2d at 182; Matter of City of New York v New York State Div. of Human Rights, 228 AD2d 255, 257 [1st Dept 1996]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2021