Schulte Roth & Zabel LLP v Metropolitan 919 3rd Ave. LLC (2022 NY Slip Op 01261)





Schulte Roth & Zabel LLP v Metropolitan 919 3rd Ave. LLC


2022 NY Slip Op 01261


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Webber, J.P., Kern, Moulton, González, Mendez, JJ. 


Index No. 655632/20 Appeal No. 15386 Case No. 2021-02115 

[*1]Schulte Roth & Zabel LLP, Plaintiff-Respondent,
v
Metropolitan 919 3rd Avenue LLC, etc., Defendant-Appellant.


Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Janice Mac Avoy of counsel), for appellant.
Foley & Lardner LLP, New York (Peter N. Wang of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about May 20, 2021, which denied defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff tenant seeks a rent abatement for a period of time during the Covid-19 pandemic in which the great majority of its employees worked remotely and not at the leased premises. Plaintiff relies on section 5.4 of the parties' lease, which provides for a rent abatement in the event that certain conditions are met.
The motion court properly denied defendant's motion to dismiss the complaint on the ground that section 5.4 of the parties' lease agreement is ambiguous. A contract is ambiguous if "on its face" it is "reasonably susceptible of more than one interpretation" (Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]; accord Chen v Yan, 109 AD3d 727, 729 [1st Dept 2013]; see also New York City Off-Track Betting Corp. v Safe Factory Outlet, Inc., 28 AD3d 175, 177 [1st Dept 2006]). If a contract is ambiguous, a court may elook to extrinsic evidence to resolve the ambiguity (see Chen, 109 AD3d at 729; Hambrecht & Quist Guar. Fin., LLC v El Coronado Holdings, LLC, 27 AD3d 204 [1st Dept 2006]). 
Section 5.4 of the parties' lease is ambiguous because on its face, it is reasonably susceptible of more than one interpretation. Section 5.4 provides that plaintiff is entitled to a rent abatement if "Tenant is unable to use the Premises, . . . due to Landlord's breach of an obligation under this Lease to provide services, perform repairs, or comply with Legal Requirements . . . other than as a result of Unavoidable Delays or Tenant Delays (or, if Tenant's inability to use the Premises . . . results, in whole or in part, from Unavoidable Delays and such condition continues for a period in excess of fifteen (15) consecutive Business Days)."
On the one hand, section 5.4 can be reasonably interpreted to mean that plaintiff will be entitled to a rent abatement only if plaintiff's inability to use the premises is a result of defendant's breach of its obligations under the lease. Pursuant to this interpretation, the condition within the parentheses is directly connected to the condition that comes before the parenthesis and means that the plaintiff would be entitled to a rent abatement if the plaintiff is unable to use the leased premises because the landlord breached an obligation under the lease, and the breach is caused, in whole or in part, by an Unavoidable Delay, as defined in the lease, if the Unavoidable Delay continues for more than 15 business days.
On the other hand, section 5.4 can also be reasonably interpreted to mean that plaintiff will be entitled to a rent abatement if one of two conditions occur. Specifically, the plaintiff would be entitled to a rent abatement if it is unable to use the leased premises, which is caused by either (i) landlord's breach of an obligation under the lease, or (ii) Unavoidable Delays that continue for more than 15 business days[*2]. Pursuant to this interpretation, the use of the disjunctive "or" at the beginning of the parenthetical clause distinguishes the second condition within the parenthetical as a separate and alternative condition to the first condition, which comes before the parenthesis. Moreover, as a separate condition, it does not require that the landlord breach an obligation under the lease in order for the plaintiff to be entitled to a rent abatement.
Because section 5.4 of the lease is ambiguous, defendant's motion to dismiss was properly denied. The parties shall proceed to discovery as extrinsic evidence will be necessary to resolve the ambiguity.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022