| State Farm Fire & Cas. Co. v Poteon |
|:---:|
| 2025 NY Slip Op 30660(U) |
| February 25, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154192/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**         PART             **33M**

*Justice*

-------------------------------------------------------------------------------X

STATE FARM FIRE AND CASUALTY COMPANY,

            Plaintiff,

- v -

AKEDO POTEON, JAHVON BENJAMIN, ABDUL-MASSIH FAMILY HEALTH NURSE PRACTITIONER, P.C.,BDS DIAGNOSTIC CORP, CHI CHINESE ACUPUNCTURE, P.C.,ERIC KENWORTHY, EMUNA INC, EMOTE MEDICAL SERVICES, P.C.,GIBBONS MEDICAL, P.C.,LENOX HILL RADIOLOGY AND MEDICAL IMAGING ASSOCIATES, P.C.,MICHAEL ZWIRBLIA, NEW YORK PHYSICAL THERAPY TOUCH PLLC,NY UNION PHARMACY, INC.,ONE RX CHEMIST, INC.,PRANEVICIUS MEDICAL P.C.,PRISTINE RX CORP., STAR OF N.Y. CHIROPRACTIC DIAGNOSTIC, P.C.,WALMED EQUIPMENT, LLC,WILKINS WILLIAMS MEDICAL, P.C.

            Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154192/2022 |
| MOTION DATE | 09/27/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97

were read on this motion to/for          JUDGMENT - SUMMARY         .

Upon the foregoing documents, and after a final submission date of January 31, 2025, Plaintiff State Farm Fire and Casualty Company's ("Plaintiff") motion for summary judgment against Defendants Emuna Inc. d/b/a Navar Pharmacy and Pristine RX Corp. ("Defendants") which seeks a declaration that there is no coverage for claims pertaining to an October 30, 2021 collision because individual defendants Akedo Poteon ("Poteon") and Jahvon Benjamin ("Benjamin") breached a condition precedent to coverage by failing to appear for a scheduled Examination Under Oath ("EUO") is granted in accordance with the following memorandum and accompanying annexed order dated February 25, 2025.

## I. Background

On October 6, 2021, Plaintiff issued an automobile insurance policy to Poteon covering a 2005 Acura MDX ("Insured Vehicle"). On October 30, 2021, Poteon and Defendant Benjamin were allegedly in the Insured Vehicle when they were involved in an automobile accident. Police were not called to the scene, and upon investigation, Poteon had listed a false address on his automobile policy. After the alleged accident, Poteon and Benjamin received thousands of dollars of alleged medical treatment from the numerous named medical provider defendants. To investigate the claims, Plaintiff requested Poteon and Benjamin submit to an examination under oath ("EUO"). Despite three opportunities to do so, neither Poteon nor Benjamin ever testified at an EUO.

Plaintiff then filed this declaratory judgment action seeking a declaration that it owes no coverage for claims submitted related to the alleged October 30, 2021 collision. Plaintiff argues the failure to appear for an EUO is a breach of a condition precedent to coverage. All defendants have settled or defaulted except Defendants Emuna Inc. d/b/a Navar Pharmacy and Pristine RX Corp. Plaintiff now seeks summary judgment against these two remaining defendants.

## II. Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact

154192/2022   STATE FARM FIRE AND CASUALTY COMPANY vs. POTEON, AKEDO ET AL          Page 2 of 4
Motion No.  002

2 of 7

which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]).

Plaintiff's motion for summary judgment is granted. It is well established that the failure to appear for a timely requested EUO "is a breach of a condition precedent to coverage and voids the policy ab initio" (*Unitrin Advantage Ins. Co. v Dowd*, 194 AD3d 507, 507 [1st Dept 2021] citing *Hertz Vehicles, LLC v Alluri*, 171 AD3d 432 [1st Dept 2019]). The bar to coverage also applies to assignees of an insured (*Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559, 560 [1st Dept 2011]). Here, it is undisputed that the medical provider defendants were assigned Benjamin and Poteon's rights under the applicable automobile policy. Moreover, it is undisputed that Benjamin and Poteon failed to testify at an EUO, despite three opportunities to do so. This is a breach of a condition precedent to coverage which voids the policy ab initio.

Defendants oppose only the sufficiency of Plaintiff's evidence. However, Plaintiff submitted the correspondence it sent to Benjamin and Poteon requesting they appear for an EUO, an affidavit from a claims adjuster with personal knowledge of the claims file, evidence of medical bills submitted, and an affirmation from an attorney who scheduled the EUOs. Moreover, Defendants failed to respond to Plaintiff's statement of material facts and have not opposed substantively any of the operative facts set forth in Plaintiff's motion. Defendants did not submit an affidavit of an individual with personal knowledge of the facts in opposition and rely only on an attorney affirmation. Based on this record, Plaintiff has shown entitlement to summary

154192/2022   STATE FARM FIRE AND CASUALTY COMPANY vs. POTEON, AKEDO ET AL          Page 3 of 4
Motion No.  002

3 of 7

judgment, while Defendants have failed to raise a material issue of fact. Therefore, Plaintiff's motion is granted.[1]

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for summary judgment is against Defendants Emuna Inc. d/b/a Navar Pharmacy and Pristine RX Corp. declaring there is no coverage for claims pertaining to an October 30, 2021 collision because individual defendants Akedo Poteon and Jahvon Benjamin breached a condition precedent to coverage by failing to appear for a scheduled Examination Under Oath ("EUO") is granted in accordance with the annexed order dated February 25, 2025; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF and all defaulting parties via first-class mail at their last known residential and/or business addresses.

This constitutes the Decision and Order of the Court.

| ___2/25/2025___ | | _Mary V Rosado JSC_ |
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | [x] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| | [x] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

---

[1] Defendants submitted a sur-reply without leave of the Court and without good cause (NYSCEF Doc. 97). The Court declines to consider this unpermitted filing (*see, e.g. Traders Co. v AST Sportswear, Inc.*, 31 AD3d 276, 277-278 [1st Dept 2006]).

**154192/2022   STATE FARM FIRE AND CASUALTY COMPANY vs. POTEON, AKEDO ET AL          Page 4 of 4**
**Motion No.  002**