| |
|---|
| **Vasquez v Tapbrobane, LLC** |
| 2025 NY Slip Op 30937(U) |
| March 24, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154737/2022 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DAVID B. COHEN**      PART      58

*Justice*

-----------------------------------------------------------------------------X

EMELY VASQUEZ,

                         Plaintiff,

                - v -

TAPBROBANE, LLC,887 LLC, DEREK RUBINSTEIN, ALLEN J. WEST, DANIEL F. ZAPART

                      Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154737/2022 |
| MOTION DATE | 08/25/2023, 09/05/2023 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 70, 71, 76, 77, 82, 83

were read on this motion to/for          JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 54, 55, 56, 57, 58, 60, 61, 62, 68, 69, 72, 73, 74, 78, 79, 80, 81

were read on this motion to/for          JUDGMENT - SUMMARY          .

In this slip and fall action, defendants Tapbrobane, LLC, and 887 LLC, (together Tapbrobane) move, pursuant to CPLR 3212, for summary judgment dismissing the complaint against them (motion seq. 002).[1]

By notice of cross-motion, defendants Derek Rubinstein, Allen J. West, and Daniel F. Zapart (collectively tenants) move, pursuant to CPLR 3212, for summary judgment dismissing the complaint and all cross-claims asserted by Tapbrobane against them.

Plaintiff opposes both motions.

---

[1] As it appears that defendants also filed the same motion under motion sequence one but with the wrong return date, that motion is denied as academic.

**154737/2022 VASQUEZ, EMELY vs. TAPBROBANE, LLC ET AL**      **Page 1 of 9**
**Motion No. 001 002**

1 of 9

## BACKGROUND

*Plaintiff's Amended Verified Complaint (NYSCEF 6)*

In the amended verified complaint, plaintiff alleges that on April 23, 2022, she tripped and fell while descending an exterior stairwell from the first floor to a garden-level apartment (the apartment) located at 877 St. Nicholas Avenue, New York City (the premises). Plaintiff alleges that the step-risers were not evenly spaced, and the stairwell lacked a proper handrail and was dimly lit. She asserts that because at the time of the incident Tapbrobane were the owners of the premises, and tenants the lessors, defendants collectively had a duty to ensure the premises were maintained, operated and controlled in a reasonably safe manner, and they breached that duty.

*Lease Between Tapbrobane and Tenant Defendants*

At the time of the incident, tenants were named leaseholders of the apartment, and 887 LLC was the named owner of the premises. Tenants signed a lease agreement with 887 LLC to rent the apartment, beginning on February 1, 2021, and ending on August 14, 2023. Section 5 of the lease agreement provided that "except as otherwise specified in the lease, no other goods, services, facilities, or spaces are included in [the lease] including but not limited to parking, storage, utilities, roof areas, decks, terraces, balconies, pool, lounge. . .". Section 15 provided that the landlord may enter the garden-level apartment to "repair, replace or improve any . . . part of the Building . . . ."

Additionally, a signed attachment, titled Property Use Rider, stated that tenants were permitted to sublease the apartment on the condition that they "take full liability for any and all property damage, patron(s) incidents, outside damage, and any damage, incidents or accidents caused by or to any and all patrons staying in the property."

**154737/2022   VASQUEZ, EMELY vs. TAPBROBANE, LLC ET AL**
**Motion No.  001 002**

Page 2 of 9

*Plaintiff's Deposition Testimony (NYSCEF 51)*

During her July 18, 2023 deposition, plaintiff testified that she did not remember the address where her fall occurred, but that it happened at a townhouse rented by her friend through Airbnb, located somewhere between 157th and 145th Street, in New York City. She stated that the accident happened while walking down a dimly lit exterior stairwell to the basement apartment where the Airbnb was located. The last step, half the size of the others, caused her foot to give out, and she "stumbled down." Plaintiff further testified that she had only visited the townhouse on the day of the incident and had not returned since. She confirmed that no one witnessed her fall and that she had no photographs of the townhouse or stairwell. Plaintiff was able to identify the address of the Airbnb after she was shown a copy of her amended complaint, at which point she recalled providing the address to her attorney during the drafting process.

*Procedural Background*

On August 8, 2023, tenants filed their motion for summary judgment (NYSCEF 54).

On August 25, 2023, Tapbrobane filed their motion for summary judgment (NYSCEF 25).

On September 5, plaintiff submitted an affidavit affirming the location of the accident and providing photographs of the premises (NYSCEF 72, 74).

On September 14, 2023, Tapbrobane sent a letter to the court notifying it of plaintiff's allegedly improper sur-reply submission (NYSCEF 75).

On March 16, 2024, plaintiff submitted a second affirmation in opposition, and attached an affidavit that included additional photographs of the premises. (NYSCEF 76).

On March 18, 2024, Tapbrobane submitted a supplemental reply affirmation in support of their motion (NYSCEF 82).

**154737/2022   VASQUEZ, EMELY vs. TAPBROBANE, LLC ET AL**
**Motion No.  001 002**

**Page 3 of 9**

[* 3]

3 of 9

## MOTION SEQ. 001

*Party Contentions*

Tapbrobane move for summary judgment, arguing that plaintiff is unaware of the location of the incident, lacks photographic evidence, and has no witnesses, thus her complaint should be dismissed.

Plaintiff opposes, asserting she knows and testified to the location of the incident as the address of the Airbnb, which was also included in her amended complaint.

In reply, Tapbrobane reassert their previous arguments.

In her supplemental opposition, plaintiff reiterates her earlier arguments and submits a second affidavit with attached photographs of the exterior staircase at the premises.

In Tapbrobane's supplemental reply, they reassert their previous arguments and contend that plaintiff's sur-reply submissions are improper and should not be considered by the court.

*Legal Analysis and Conclusions*

A.     Sur-Reply

CPLR 2214 governs the service and timing of motions papers.  Subsection (c) states, "[o]nly papers served in accordance with the provisions of this rule shall be read . . . in opposition to the motion, unless the court for good cause shall otherwise direct."  Section 202.8-c of the New York City Rules and Regulations, Sur-Reply and Post-Submission Papers provides:

> Absent express permission in advance, sur-reply papers, including correspondence, addressing the merits of a motion are not permitted, except that counsel may inform the court by letter of the citation of any post-submission court decision that is relevant to the pending issues, but there shall be no additional argument. Materials submitted in violation hereof will not be read or considered. Opposing counsel who receives a copy of materials submitted in violation of this Rule shall not respond in kind.

**154737/2022   VASQUEZ, EMELY vs. TAPBROBANE, LLC ET AL**
**Motion No.  001 002**

**Page 4 of 9**

Here, plaintiff submitted a supplemental (sur-reply) affidavit affirming the location of the accident and providing photographs of the premises less than one month after Tapbrobane and tenants filed their respective summary judgment motions. Plaintiff submitted a second affidavit with additional photographs of the premises on March 16, 2024, and no new arguments were asserted. Although plaintiff failed to ask for leave of the court to do so, the affidavit does not present a new argument and does not prejudice defendants because they had time to reply to the submissions in their supplemental reply papers. As such, plaintiff's papers are considered by the court for this motion (CPLR 2214 [c]; *see Traders Co. v. AST Sportswear, Inc.,* 31 AD3d 276, 819 [1st Dept 2006] [despite failure to request leave of court for supplemental submissions, court considered supplemental papers where no new arguments were raised and no prejudice was caused to opposing party]).

B.     Summary Judgment

On a motion for summary judgment under CPLR 3212, the moving party bears the initial burden of establishing "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v NY Univ. Med. Ctr*., 64 NY2d 851, 853 [1985] [citations omitted]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*id.*). "Once this burden is met, the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 81 [1st Dept 2013]). Because summary judgment is an extreme remedy, the court must draw all reasonable inferences in favor of the non-moving party (*Vega v Restani Const. Corp*., 18 NY3d 499 [2012]).

**154737/2022   VASQUEZ, EMELY vs. TAPBROBANE, LLC ET AL**
**Motion No.  001 002**

**Page 5 of 9**

"It is well settled that a defendant is entitled to summary judgment as a matter of law when a plaintiff provides testimony that he or she is unable to identify the defect that caused his or her injury" (*Siegel v City of New York*, 86 AD3d 452 [1st Dept 2011]).  "Issues as to witness credibility are not appropriately resolved on a motion for summary judgment" (*Santos v Temco Serv. Indus., Inc.*, 295 AD2d 218, 218-19 [1st Dept 2002]).

Here, although plaintiff initially testified she could not remember the address of the premises and estimated it was somewhere between 145th Street and 157th Street in Manhattan, she was able to verify its exact address upon being shown a copy of her amended complaint. Moreover, plaintiff definitively identified the defect that caused her to trip and fall as the last step of the exterior staircase leading down to the apartment at the premises.  As such, plaintiff's allegations are not merely speculative (*see Martinez v City of New York*, 190 AD3d 561, 563 [1st Dept 2021] [plaintiff did not merely speculate about location of accident but testified as to general area and clarified any misidentifications of defect causing her fall]).  To the extent that plaintiff's testimony was vague or inconsistent, it is a question of credibility for the jury (*Reid v City of New York*, 230 AD3d 1043 [1st Dept 2024]).

Lastly, summary dismissal is not warranted simply because a plaintiff lacks photographic evidence or witnesses to a slip and fall, as long as the plaintiff provides detailed testimony sufficient to raise a triable issue of fact regarding the existence of a hazardous condition or a defendants negligence (*De Paris v Women's Nat. Republican Club, Inc.*, 148 AD3d 401 [1st Dept 2017] [holding that plaintiff's detailed testimony was sufficient to defeat summary judgment despite absence of photographic evidence or witnesses]).  Accordingly, Tapbrobane's motion for summary judgment is denied.

**154737/2022   VASQUEZ, EMELY vs. TAPBROBANE, LLC ET AL**
**Motion No.  001 002**

**Page 6 of 9**

[* 6]

6 of 9

MOTION SEQUENCE 002

*Party Contentions*

Tenants move for summary judgment, arguing they owed plaintiff no duty and therefore cannot be held liable for her injuries. They further argue that plaintiff is unaware of the location of the accident and that any negligence claim is speculative. Additionally, tenants assert that because they owed no duty to plaintiff, Tapbrobane's claims for indemnification or breach of contract must be dismissed.

Plaintiff opposes, stating she knows the location of the premises by the address provided in the amended complaint and by photographs she submitted in her supplemental affidavits. She argues that tenants owed her a duty to maintain the premises safely because they were leaseholders of the apartment and operated the Airbnb that plaintiff was visiting on the night of the incident. Plaintiff further contends that tenants' motion is premature due to incomplete discovery.

In reply, tenants maintain they owed plaintiff no duty because the incident occurred on an exterior staircase, not within the leased apartment. They also argue that plaintiff fails to demonstrate how further discovery would yield relevant information. Lastly, tenants assert that plaintiff's opposition and sur-reply submissions are procedurally and substantively deficient.

*Legal Analysis and Conclusions*

Here, the lease agreement between tenants and 887 LLC gave tenants possession of the apartment and did not delegate any responsibility to them to maintain any public space or area outside of the leased unit. Because tenants were not contractually obligated to maintain the exterior staircase where plaintiff fell, and the lease specifically restricted their use of public space, they are not liable for any alleged structural deficiency to the exterior of the premises or

**154737/2022   VASQUEZ, EMELY vs. TAPBROBANE, LLC ET AL**          **Page 7 of 9**
  **Motion No.  001 002**

7 of 9

any injury resulting therefrom (*see Howard v Alexandra Rest.,* 84 AD3d 498 [1st Dept 2011]). Accordingly, tenants owed plaintiff no duty and may not be held liable.

Tenants additionally argue that because they do not owe plaintiff a duty, any claims by Tapbrobane for indemnification must be dismissed.

However, the Property Use Rider requires tenants to "take full liability for any and all property damage, patron(s) incidents, outside damage, and any damage, incidents or accidents cause by or to any and all patrons staying in the property." Although tenants did not assume responsibility for repairs to the exterior staircase at the premises, the Property Use Rider is ambiguous as to whether tenants are liable to Tapbrobane for any accident and related injury to tenants' subtenants or guests, i.e. plaintiff (*Schulte Roth & Zabel LLP v Metro. 919 3rd Ave. LLC,* 202 AD3d 641 [1st Dept 2022] [lease provision ambiguous where reasonably susceptible to more than one interpretation, thereby precluding dismissal at pleading stage]). As such, tenants fail to meet their prima facie burden of entitlement to judgment as a matter of law. Accordingly, tenants' motion to dismiss Tapbrobane's cross-claim for indemnification is denied.

Accordingly, it is hereby

ORDERED, that Tapbrobanes' motion for summary judgment is denied; and further

ORDERED, that tenants' motion for summary judgment is granted as to plaintiff's claims against them but denied as to Tapbrobane's cross-claims; and further

**154737/2022   VASQUEZ, EMELY vs. TAPBROBANE, LLC ET AL**
**Motion No.  001 002**

**Page 8 of 9**

8 of 9

ORDERED, that the parties appear for a discovery conference on April 1, 2025, at 9:30 am, in person, at 71 Thomas Street, Room 305, New York, New York.

20250324163546DC0HEN52EF3B8F0AC849EEBDB29DBF2E0C25FE

__3/24/2025__
__DATE__

__DAVID B. COHEN, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154737/2022   VASQUEZ, EMELY vs. TAPBROBANE, LLC ET AL**
**Motion No.  001 002**

**Page 9 of 9**

9 of 9