| **Wallace Campus Mgr., LLC v Pfanner** |
|:---:|
| 2026 NY Slip Op 30853(U) |
| March 5, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 152278/2025 |
| Judge: Phaedra F. Perry-Bond |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. PHAEDRA F. PERRY-BOND**     PART     **35**

*Justice*

-------------------------------------------------------------------------X

WALLACE CAMPUS MANAGER, LLC,

            Plaintiff,

       - v -

ANDREAS PFANNER, ERIC ANDERSON, POK WALLACE CAMPUS PARTNER LLC,POK MILL LLC,URBAN GREEN EQUITIES, LLC,POK 1-3 GRAND LLC,POK 325 MAIN LLC

            Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152278/2025 |
| MOTION DATE | 12/19/2025, 01/23/2026 |
| MOTION SEQ. NO. | 001 002 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 58, 59, 60, 61, 62, 63, 64, 65

were read on this motion to/for     INJUNCTION/RESTRAINING ORDER    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 66, 67, 68, 69

were read on this motion to/for     DISMISSAL    .

Upon the foregoing documents, motion sequences 001 and 002 are consolidated for disposition and decided as follows:

**A.** Defendants Eric Anderson ("Anderson"), POK Wallace Campus Partners LLC, POK Mill LLC, Urban Green Equities, LLC, POK 1-3 Grand LLC, and POK 325 Main LLC's (collectively "Anderson Defendants") motion ("Mot. Seq. 001") seeking, *inter alia*, a declaration that Defendant Andreas Pfanner ("Pfanner") waived the right to restrain proceeds of certain payments and a declaration that the restraining notices Pfanner sent are void is denied, without prejudice, with leave to continue litigating this issue in the parties ongoing lawsuits in Kings County Supreme Court.

152278/2025   WALLACE CAMPUS MANAGER, LLC vs. PFANNER, ANDREAS ET AL     Page 1 of 7
Motion No.  001 002

1 of 7

**B.** Defendant Andreas Pfanner's motion to dismiss the Anderson Defendants' crossclaims asserted against him is granted.

## I. Background

This is the latest in a vast array of lawsuits between Pfanner and Anderson, many of which are being actively litigated. The lawsuits stem from a business dispute and alleging, amongst other things, misappropriated funds.[1] Anderson and Pfanner were former business partners engaged in the acquisition and development of real estate. On March 5th, 2019, according to Pfanner's Complaint in *Pfanner et al. v Anderson et al.*, Index No. 533494/2024, (Kings County Supreme Court) (the "Declaratory Judgment Action"), Anderson allegedly purchased the land and building located at 325 Main Street, Poughkeepsie, New York (the "Main Street Property"). Pfanner alleges that Anderson bought the Main Street Property for his own interests and benefit even though the funds for that purchase came from the joint venture owned by Pfanner and Anderson.

On November 5th, 2020, Anderson allegedly sold to Plaintiff Wallace Campus Manager LLC[2] ("Wallace Campus") the Main Street Property for $236,000.00 without telling Pfanner. Once Pfanner learned of the purchase and subsequent sale, he demanded a full accounting from Anderson of the purchase and sale of the Main Street Property, as well as an accounting of rents allegedly diverted by Anderson from jointly owned property to Anderson individually or his solely owned companies. Anderson allegedly claimed Pfanner was a retiring partner in the joint venture and Anderson refused to comply with Pfanner's demand. As a result, Pfanner sued Anderson for breach of fiduciary duty and declaratory judgment.

---

[1] Not only have Pfanner and Anderson sued each other multiple times in multiple venues, but their own lawyers have been involved in numerous lawsuits against each other.
[2] Anderson allegedly held a 45% interest in Wallace Campus.

**152278/2025 WALLACE CAMPUS MANAGER, LLC vs. PFANNER, ANDREAS ET AL**
**Motion No. 001 002**
Page 2 of 7

2 of 7

[* 2]

Pfanner brought another lawsuit against Anderson, also in Kings County, for injunctive relief (*see Pfanner et al. v Anderson et al.*, Index No. 509781/2024 [Kings County Supreme Court]) (the "Injunction Action"). In the Injunction Action, Pfanner alleges that pursuant to operating agreements for multiple LLCs formed to hold property in New York and California, Anderson and Pfanner were to be equal owners of the equity in each of the properties held by the various LLCs.[3] The Injunction Action likewise alleges Anderson embezzled and misappropriated capital furnished by Plaintiff and revenue income generated by the various properties, and Pfanner sought an injunction against Anderson preventing him from transferring, alienating, any of the jointly held property, and sued Anderson for *inter alia*, conversion, breach of contract, breach of fiduciary duty.

Given Anderson's involvement with Wallace Campus, Pfanner placed a cloud on the title of the Wallace Campus project, a planned affordable housing project. As a result, Wallace Campus brought this lawsuit against Defendants, commenced on February 20, 2025 and asserting, *inter alia*, fraud, breach of fiduciary duty, and indemnification claims against Anderson and his related entities, and tortious interference, slander of title, and abuse of judicial process, against all Pfanner and his related entities. The parties executed a stipulation of discontinuance on October 1, 2025, although it was not uploaded to NYSCEF until December 19, 2025 (NYSCEF Doc. 9). The stipulation of discontinuance was executed on the same day Pfanner and Wallace Campus executed a settlement agreement whereby Pfanner was paid $4.3 million by Wallace Campus in exchange for al claims Pfanner brought against Wallace Campus but explicitly excluded any claims against Anderson or any other entity in which Anderson has an interest. The payment was meant to exceed the value of Anderson's 45% equity in Wallace Campus. The settlement agreement was very clear

---

[3] The sole alleged exception to this allegations is that with respect to 458 SEB Ave. LLC, which allegedly holds property in Santa Rosa California, Pfanner owns 75% equity and Anderson owns 25% equity.

152278/2025   WALLACE CAMPUS MANAGER, LLC vs. PFANNER, ANDREAS ET AL               Page 3 of 7
Motion No. 001 002

3 of 7

it was executed without prejudice to Pfanner's claims against Anderson and Anderson's related entities.

Meanwhile, On October 31, 2025, Hon. Lawrence Knipel, who was presiding over the Injunction Action, granted Pfanner a preliminary injunction (the "October 2025 Injunction")) enjoining Anderson "from receiving any distributions and disbursements of any kind to himself from any assets, monies, or properties of any of his related entities in which he has or may have any interest or which are subject to this litigation, inclusive of any of his interests obtained through his use of any assets or monies of the above named entities."

On December 12, 2025, in the Injunction Action, Wallace, Pfanner, and Anderson and his related entities reached a settlement whereby Wallace could tender to Anderson payment for Anderson's interest in Wallace as part of Anderson's divestment from Wallace without violating the October 2025 Injunction (NYSCEF Doc. 17). As part of the stipulation, Wallace provided Pfanner with the information of the bank accounts that Anderson requested his part of the Wallace payment be issued to. The payment was made by Wallace to several bank accounts as instructed by Anderson, and upon the payment entering those accounts, Pfanner served restraining notices on those bank accounts based on the October 2025 injunction.

Shortly thereafter, on December 23, 2025, the Anderson Defendants filed an order to show cause styled as a preliminary injunction, although it seeks a declaratory judgment as to the validity of certain restraining notices sent to certain bank accounts pursuant to the October 2025 Injunction, even though a stipulation of discontinuance had already been filed in this action.[4] The Anderson Defendants then filed crossclaims against Pfanner, post-stipulation of discontinuance. Pfanner opposes the order to show cause and moves to dismiss.

---

[4] The Anderson Defendants advised they filed the order to show cause here instead of in the Injunction Action because they believed the judge presiding over the Injunction Action barred them from filing more motions.

**152278/2025  WALLACE CAMPUS MANAGER, LLC vs. PFANNER, ANDREAS ET AL**          Page 4 of 7
**Motion No.  001 002**

4 of 7

[* 4]

While the motion to dismiss was being briefed and the motion for injunctive relief was *sub judice*, Hon. Cenceria P. Edwards granted Pfanner default judgment against Anderson and his related entities in the Declaratory Judgment Action on February 11, 2026 (NYSCEF Doc. 64).[5]

## II. Discussion

### A. Motion to Dismiss Cross Claims (Mot. Seq. 002)

The motion to dismiss the Anderson Defendants' crossclaims is granted. As a preliminary matter, the Answer and crossclaims were filed late without any leave from the Court pursuant to CPLR 3012(d). The Answer and crossclaims were filed January 6, 2026 despite the Anderson Defendants' appearance, according to NYSCEF, on February 22, 2025, despite Pfanner asserting his crossclaims against the Anderson Defendants on May 27, 2025, and dispute the stipulation of discontinuance being executed on October 1, 2025 and filed on December 19, 2025. The Answer and crossclaims were filed in violation of CPLR 320(a) and without leave of Court pursuant to CPLR 3012(d), which requires dismissal (*see Deutsche Bank Natl. Trust Co. v Lamontanaro*, 150 AD3d 680 [2d Dept 2017]). There is no basis to overlook this defect pursuant to CPLR 2001 because there is nothing preventing the Anderson Defendants from asserting these crossclaims in the numerous other cases, they are litigating in Kings County Supreme Court and California.

Moreover, at the time the crossclaims were asserted against Pfanner, he was no longer a party to this action pursuant to the stipulation of discontinuance executed by al parties on October 1, 2025 (NYSCEF Doc. 9). By virtue of the discontinuance, Pfanner's crossclaims became moot, and there was no longer any operative pleadings left in this matter. Because this matter as discontinued prior to the crossclaims and order to show cause being filed, the cross claims filed

---

[5] The Anderson Defendants filed numerous post-submission letters and briefs without leave of Court, which this Court disregards as improper filings and sur-replies (*see Traders Co. v AST Sportswear, Inc.*, 31 AD3d 276 [1st Dept 2006]).

**152278/2025 WALLACE CAMPUS MANAGER, LLC vs. PFANNER, ANDREAS ET AL** Page 5 of 7
**Motion No. 001 002**

post-discontinuance are null (*see, e.g. Irani v City of New York*, 227 AD3d 526, 527 [1st Dept 2024] citing *Newman v Newman*, 245 AD2d 353, 354 [2d Dept 1997] [once discontinuance is filed "everything done [therein was] annulled]).

Finally, there is no reason why the parties should not litigate their disputes in Kings County Supreme Court before the judge presiding over the Injunction and Declaratory Judgment Actions (*see,* CPLR 3211[a][4]).

### B. Injunction (Mot. Seq. 001)

Because all pleadings have been dismissed or discontinued, there is no basis through which to seek injunctive relief. Therefore, the Anderson Defendants' motion is denied as moot. Moreover, the Anderson Defendants are seeking identical relief in the Injunction Action, which is the proper venue to seek any modification of the October 2025 Injunction as that is the Court that issued the October 2025 Injunction (*see Glebow Realty Associates v Dietrich*, 227 AD3d 610, 611 [1st Dept 2024] citing *Silvar v Commissioner of Labor of State*, 175 AD3d 95, 102 [1st Dept 2019] [unless reversed or annulled in a proper proceeding, a judgment or order of the Court is not open to attack by parties or privies in any collateral action or proceeding]). Therefore, this motion is denied, without prejudice, with leave to continue litigating the scope or any potential modification of the October 2025 Injunction in the Injunction Action.

Accordingly, it is hereby,

ORDERED that Pfanner's motion to dismiss is granted and the Anderson Defendants' order to show cause is denied, without prejudice, with leave to continue litigating the scope or any potential modification of the October 2025 Injunction in the Injunction Action, which remains active and pending in Kings County Supreme Court; and it is further

152278/2025   WALLACE CAMPUS MANAGER, LLC vs. PFANNER, ANDREAS ET AL
Motion No.  001 002

Page 6 of 7

[* 6]

ORDERED that within ten days of entry, counsel for Pfanner shall serve a copy of this

Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

_3/5/26_
DATE

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | | x | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 7]